■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE GARCIA, Appellant. [608 NYS2d 262] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Robinson, J.), rendered April 9, 1991, convicting him of robbery in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the testimony adduced at the Wade hearing established that the identification made at the scene of the incident was spontaneous and was not the result of any police-arranged procedure. Thus, the People met their burden of establishing the lack of police involvement in the identification (see, People v Mack, 116 AD2d 593). In any event, the defendant failed to meet his burden of establishing that the identification was unduly suggestive. Therefore, the hearing court properly denied suppression of the arresting officer's identification testimony (see, People v Webster, 169 AD2d 796).

The defendant further contends that the evidence adduced at trial was legally insufficient to establish that he "forcibly stole" property, so as to sustain his conviction for robbery in the third degree (see, Penal Law § 160.00). Viewing the evidence in the light most favorable to the prosecution (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Specifically, the People proved that the defendant used the requisite "physical force" upon the complainant

"for the purpose of * * *

"[p]reventing or overcoming resistance to the taking of the property or to the retention thereof immediately after the taking" (Penal Law § 160.00 [1]),
thereby supporting his conviction for robbery in the third degree (see, Penal Law § 160.05; see, e.g., People v Tellis, 156 AD2d 260).

The sentence imposed by the court was not excessive *(see, People v Suitte,* 90 AD2d 80).

The defendant's remaining contentions, including those raised in his supplemental *pro se* brief, are either unpreserved for appellate review or without merit. Thompson, J. P., Rosenblatt, Copertino and Hart, JJ., concur.