■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHELDON BARR, Appellant. [623 NYS2d 207] —Judgment, Supreme Court, New York County (John A.K. Bradley, J.), rendered July 18, 1989, convicting defendant, after a jury trial, of nine counts of grand larceny in the second degree and one count of scheme to defraud in the first degree, sentencing him to nine terms of 2 to 6 years and one term of 1 to 3 years, respectively, all sentences to run concurrently, and directing him to make restitution in the sum of $13,200,000, unanimously affirmed. Orders, same court and Justice, entered on or about May 2, 1990, February 26, 1992, and November 30, 1993, each of which denied a motion by defendant to vacate the same judgment of conviction, unanimously affirmed. The matter is remitted to the Supreme Court, New York County, for further proceedings pursuant to CPL 460.50 (5).

The Attorney-General had jurisdiction to prosecute this case because defendant's investment scheme came within the broad definition of "securities" (In re Energy Sys. Equip. Leasing Sec. Litig., 642 F Supp 718, 732-739; see also, All Seasons Resorts v Abrams, 68 NY2d 81).

The jury's verdict was based on sufficient, indeed overwhelming, evidence that defendant induced his victims to invest their money in a worthless tax shelter by making many knowing misrepresentations, including that the "Energy Brain" device would generate income, had been honestly appraised, and was valued on the basis of an arm's-length transaction.

The court did not violate the then-existing provision of CPL 270.30 authorizing the selection of not more than four alternate jurors. During jury selection, at a time when 12 regular jurors and only one alternate had been sworn, two regular jurors became disqualified. The court used the sole alternate to replace the 11th juror, and, in effect, reopened the selection of regular jurors to select a new 12th juror, who, contrary to defendant's position, was never an alternate. The court proceeded to select four more alternates, and three of these alternates ultimately replaced disqualified regular jurors. The third of this group of alternates was actually the fourth alternate, counting the original first alternate who replaced the original 11th juror, but he was never, as defendant maintains, an illegal fifth alternate, because, as we have determined, the original 12th juror was replaced by a new 12th juror who entered "laterally", without being advanced from the status of alternate.

The record of the trial and the three post-conviction motions supports the court's primarily factual findings that there were no *Rosario* violations in this case.

Testimony about misrepresentations by financial planners selling defendant's investment product was relevant and was obviously not offered for its truth, and therefore admissible as relevant to the victims' state of mind *(People v Ricco,* 56 NY2d 320, 328).

The People's summation featured fair responses to defense arguments and did not exceed the broad bounds of permissible advocacy *(People v Galloway,* 54 NY2d 396). In any event, the summation could not have deprived defendant of a fair trial given the overwhelming evidence of guilt.

Defendant's objections to the court's charge are largely unpreserved *(see, People v Whalen,* 59 NY2d 273, 280). In any event, we find that the charge as a whole adequately conveyed the appropriate standards *(People v Canty,* 60 NY2d 830, 831-832).

Restitution was correctly determined, there being adequate trial evidence of the total amount taken from all investors in

defendant's scheme, and no request for a hearing having been made (Penal Law § 60.27 [2]).

We have reviewed the remaining arguments raised on defendant's direct and post-conviction appeals and find them to be without merit. Concur—Sullivan, J. P., Rosenberger, Wallach and Rubin, JJ.