■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PETER COLON, Also Known as DIONICIO COLON, Appellant. [644 NYS2d 755]

During the jury voir dire, the People objected to the defendant's use of peremptory challenges to exclude "Oriental" jurors from the panel. Without challenging the existence of a prima facie showing of discrimination, the defense counsel volunteered his race-neutral reasons, rendering academic the issue of whether a prima facie showing had been made *(see, Hernandez v New York,* 500 US 352, 359; *People v Thomas,* 210 AD2d 515). While the defense counsel's explanations for his challenges were facially neutral, satisfying his obligation under the second prong of the *Batson* analysis *(see, People v Allen,* 86 NY2d 101, 104), his explanation that one of the challenged jurors had difficulty comprehending English is belied by the record. His subsequent explanation for the challenge, that "she works in a bank. She speaks a foreign language" bore no

relation to the case and suggested racial discrimination *(see generally, People v Richie,* 217 AD2d 84). Thus, the court properly determined that the defense counsel failed to meet his burden under the third prong of the *Batson* analysis and denied the challenge as to that juror *(see, Purkett v Elem,* 514 US 765, 768; *People v Allen, supra,* 86 NY2d, at 104).

Upon the denial of the defendant's peremptory challenge, the defense responded by belatedly challenging the prosecution's use of peremptory challenges against two women and one black man. The defense counsel argued "[t]his is a white woman, your Honor. I think it stands to reason if he's just going to put Orientals on the jury, I should have some white people". Rather than "articulat[ing] and develop[ing] all of the grounds supporting the claim, both factual and legal" *(People v Childress,* 81 NY2d 263, 268), the defense merely revealed a racial motive for raising a *Batson* challenge against the People *(see, People v Chambers,* 80 NY2d 519, 530; *People v Mondello,* 191 AD2d 462, 463). Thus, the court properly found that the defense counsel failed to make a prima facie showing of purposeful exclusion of potential jurors based upon either race or gender *(see, People v Childress,* 81 NY2d 263, 266, *supra,* citing *Batson v Kentucky,* 476 US 79).

The sentence imposed was proper *(see, People v Suitte,* 90 AD2d 80).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Sullivan, J. P., Joy, Krausman and McGinity, JJ., concur.