THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRISTOPHER TOWNSEND, Appellant. [651 NYS2d 577] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Lipp, J.), rendered March 3, 1995, convicting him of attempted murder in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the Supreme Court did not err in disallowing two of his peremptory challenges during jury selection as being discriminatory in violation of *Batson v Kentucky* (476 US 79). In resolving the People's *Batson* argument, the court did not improperly condense the second and third steps of analysis, nor was it error to find the defense counsel's race-neutral explanations to be pretextual without first eliciting additional comment from the trial prosecutor (*see generally, Purkett v Elem,* 514 US 765; *People v Richie,* 217 AD2d 84). Rather, under the circumstances of this case, and in view of the fact that both sides were afforded adequate opportunities to make their respective records, the trial court followed permissible procedure by deciding the issue of pretext immediately following the defense counsel's proffer of race-neutral reasons without hearing further argument from the prosecution (*see, People v Payne,* 88 NY2d 172, 184). The record amply supports the trial court's finding of pretext, inasmuch as the defense counsel's proffered reasons for challenging the two jurors at issue were purely intuitive, and were based on the subjective impressions of counsel rather than upon any facts adduced during voir dire (*see, People v Richie, supra,* at 89; *People v Peart,* 197 AD2d 599; *People v Mondello,* 191 AD2d 462).

Finally, inasmuch as the colloquy concerning the *Batson* issue contained sufficient facts upon which to determine the matter, and no specific factual dispute was raised, the failure to record certain portions of the voir dire does not preclude appellate review of the issue (*see, People v Childress,* 81 NY2d 263, 268). Sullivan, J. P., Krausman, Florio and McGinity, JJ., concur.