■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARREN PATTERSON, Appellant. [655 NYS2d 415] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Golia, J.), rendered July 13, 1995, convicting him of robbery in the first degree (four counts), upon a jury verdict, and imposing sentence. .

fendant from a judgment of the Supreme Court, Queens County (Orgera, J.), rendered May 30, 1995, convicting him of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the seventh degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the trial court's rulings on the parties' respective *Batson* (*Batson v Kentucky,* 476 US 79) challenges were error. We disagree.

When a *Batson* challenge is raised, a three-step process is followed: (1) the party objecting to the peremptory challenge must establish a prima facie showing that the juror was struck for an impermissible discriminatory reason; (2) the burden then shifts to the proponent of the challenge to offer a race-neutral reason for the challenge; and (3) the burden shifts back to the party objecting to the challenge to persuade the court that the proffered reason was pretextual (*see, People v Payne,* 88 NY2d 172, 181; *People v Allen,* 86 NY2d 101, 104).

The record supports the court's determination that the defense counsel failed to demonstrate that the prosecutor's facially race-neutral reason for striking a black female panelist because of her occupation was pretextual. Moreover, contrary to the defendant's contention concerning the ruling on the prosecutor's reverse *Batson* challenge, the court did not curtail the tripartite inquiry at step two when it rejected the defense counsel's reason that the panelist appeared bored as a valid reason. The defense counsel and the prosecutor each had an opportunity to make their respective records and the court noted on the record its observations regarding that panelist as well as other panelists, which observations undermined the counsel's reason for her peremptory challenge (*see, People v Payne, supra,* at 184; *People v Townsend,* 234 AD2d 487).

We are mindful that the trial court is in the best position to assess the credibility of the counsels' explanations. Further, there is nothing in the record that supports the defendant's claims or contradicts the court's assessment. Accordingly, the court's determination will not be disturbed (*see, People v Jupiter,* 210 AD2d 431). Thompson, J. P., Florio, McGinity and Luciano, JJ., concur.