■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PORFIRIO GARRASTAZU, Appellant. [656 NYS2d 305] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Starkey, J.), rendered February 7, 1996, convicting him of criminal sale of a controlled substance in the second degree and criminal possession of a controlled substance in the third degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the Supreme Court did not err in disallowing his peremptory challenge to a white prospective juror. Although the defendant asserts that the prosecutor failed to make a prima facie showing that the defendant was exercising his peremptory challenges on the basis of race, this preliminary issue is academic because defense counsel offered race-neutral reasons for striking five out of six white prospective jurors during the second round of voir dire, and the court ruled on the ultimate question of intentional discrimination (*see, Hernandez v New York,* 500 US 352, 359; *People v Payne,* 88 NY2d 172; *People v Colon,* 228 AD2d 609). Furthermore, the People met their burden of demonstrating, under the third prong of the *Batson* analysis (*see, Batson v Kentucky,* 476 US 79), that defense counsel's facially race-neutral explanation for challenging the subject juror was a pretext for discrimination. Defense counsel's statements that he did not feel he was "reaching" this prospective juror, and did not believe that the prospective juror would go along with the defense, were the identical reasons he had previously offered for challenging two other white venirepersons. Moreover, counsel's explanation was purely intuitive and based on his subjective impressions rather than upon facts adduced at voir dire (*see, People v Townsend,* 234 AD2d 487; *People v Robinson,* 226 AD2d 561; *People v Richie,* 217 AD2d 84; *People v Peart,* 197 AD2d 599).

The defendant's remaining contentions are unpreserved for appellate review, without merit, or do not require reversal. Ritter, J. P., Altman, Krausman and Luciano, JJ., concur.