■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE ACEVEDO, Appellant. [658 NYS2d 332] —Appeal by the de-

fendant from a judgment of the Supreme Court, Kings County (DeLury, J.), rendered March 24, 1995, convicting him of criminal possession of a controlled substance in the third degree and menacing in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the trial court properly applied the three-step *Batson* analysis in determining the prosecutor's application to disallow the defense counsel's use of peremptory challenges *(see, Batson v Kentucky,* 476 US 79). The preliminary issue of whether the prosecutor made a prima facie showing that the defense counsel was exercising peremptory challenges on the basis of race and gender is academic because defense counsel explained his reasons for strik-ing six prospective jurors after the first round of voir dire, and the court ruled on the ultimate question of intentional discrimination *(see, Hernandez v New York,* 500 US 352, 359; *People v Payne,* 88 NY2d 172; *People v Colon,* 228 AD2d 609). Furthermore, the court did not summarily reject the defense counsel's explanation for challenging the prospective white juror who was thereafter seated over his objection. The court probed into the defense counsel's statement that he did not like the way this prospective juror responded to questioning before determining that the explanation was a pretext for discrimination, and it was not required to elicit additional comment from the prosecutor before making a finding that the proffered explanation was pretextual *(see, People v Payne, supra; People v Patterson,* 237 AD2d 384; *People v Townsend,* 234 AD2d 487). Moreover, the court's finding that the explanation was pretextual is supported by the record *(see, People v Townsend, supra; People v Robinson,* 226 AD2d 561; *People v Richie,* 217 AD2d 84).

We further reject the defendant's claim that the narcotics recovered from his apartment should have been suppressed because the hearing court did not make a finding that the police entry into his apartment was lawful. Although the hearing court failed to set forth any findings of fact or conclusions of law in this regard, there is a complete hearing record before us, sufficient to enable us to make our own findings and conclusions *(see,* CPL 470.15 [1]; *People v Morgan,* 226 AD2d 398; *People v Lewis,* 172 AD2d 1020). Here, the uncontradicted testimony presented at the hearing amply demonstrates that the police entered the apartment with the consent of the

leaseholder, who had requested that the officers arrest the defendant for menacing her, and that they properly seized the controlled substances from the location to which she had directed them (see, People v Cosme, 48 NY2d 286, 292; People v Keegan, 213 AD2d 282; People v Johnson, 204 AD2d 350).

The defendant's remaining contention is unpreserved for appellate review. O'Brien, J. P., Copertino, Thompson and Krausman, JJ., concur.