■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GARRY RECUPEIO, Appellant. [675 NYS2d 526] —Judgment, Supreme Court, New York County (Alvin Schlesinger, J.), rendered August 13, 1996, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of 4½ to 9 years, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence (*People v Bleakley*, 69 NY2d 490). Credibility issues were properly placed before the jury and we find no reason to disturb its findings. There was ample evidence from which the jury could infer that defendant sold an object to the buyer in this observation sale and that the object was the glassine envelope of heroin recovered from the buyer. Concur—Milonas, J. P., Rosenberger, Nardelli, Wallach and Rubin, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EUGENE HAYWOOD, Appellant. [675 NYS2d 527] —Judgment, Supreme Court, New York County (Ronald Zweibel, J.), rendered April 24, 1995, convicting defendant, after a jury trial, of grand larceny in the fourth degree, and sentencing him, as a second felony offender, to a term of 2 to 4 years, unanimously affirmed.

The record supports the trial court's express and implied findings that the prosecutor provided race-neutral, nonpretextual reasons for the discharge of six African-American prospective jurors (*see, People v Wint*, 237 AD2d 195, *lv denied* 89 NY2d 1103). We perceive no basis for disturbing the trial court's evaluation of the prosecutor's explanations for the peremptory challenges (*see, People v Hernandez*, 75 NY2d 350, *affd* 500 US 352). Such evaluations are entitled to considerable deference, particularly where matters of demeanor are involved. Defendant, as the party objecting to the peremptory strikes, failed to carry his burden of proving the pretextual nature of the challenges (*People v Payne*, 88 NY2d 172, 181; *People v Bryant*, 247 AD2d 229). Concur—Milonas, J. P., Rosenberger, Nardelli and Wallach, JJ.