■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DERRICK STRANTON, Appellant. [685 NYS2d 250] —Appeal by the defendant from a judgment of the Supreme Court, Richmond County (J. Goldberg, J.), rendered March 18, 1997, convicting him of robbery in the first degree, robbery in the second degree (two counts), and grand larceny in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that he was deprived of his right to exercise peremptory challenges because the Supreme Court rejected two of his peremptory challenges and seated the jurors over his objection is without merit. During the first round of jury selection, the defendant used peremptory challenges

against six of the seven white male jurors. Since the defendant's counsel stated that the peremptory challenges were based, in part, on the jurors' demeanor and upon counsel's "gut reaction", and other jurors with similar backgrounds were not challenged, the Supreme Court properly determined that the racially-neutral reasons provided by the defendant's counsel were pretextual (*see, People v Payne,* 88 NY2d 172; *People v Richie,* 217 AD2d 84; *People v Jupiter,* 210 AD2d 431).

The court's decision to modify its *Sandoval* ruling so as to permit the prosecutor to cross-examine the defendant regarding the underlying facts of his prior convictions for robbery and attempted robbery was proper in light of the defendant's testimony that he participated in the crime under duress (*see, People v Calvano,* 30 NY2d 199; *People v Ortiz,* 209 AD2d 285; *People v Rosado,* 244 AD2d 772). O'Brien, J. P., Sullivan, Krausman and Florio, JJ., concur.