■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDDIE GRIER, Appellant. [690 NYS2d 648] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Cooperman, J.), rendered May 21, 1997, convicting him of as-

sault in the first degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the Supreme Court did not err in disallowing his peremptory challenges of two Asian prospective jurors on the basis that defense counsel's facially race-neutral explanations were pretextual. Defense counsel stated that the prospective jurors appeared to be "very conservative" and more "receptive" to the prosecutor, as indicated by their eye contact and body language, and further, had nothing in their backgrounds that would "make them favorable to the defense". The Supreme Court observed that the challenged jurors had responded to all questioning uniformly and were completely neutral in their demeanor, and concluded that the two jurors "could not have been excluded for any reason other than their race". Bearing in mind the advantage trial courts have in making determinations of this nature (*see, People v Jeffreys*, 258 AD2d 474; *People v Richie,* 217 AD2d 84), and that defense counsel's explanations were purely intuitive and based on counsel's subjective impression rather than upon facts adduced at voir dire (*see, People v Hewitt,* 258 AD2d 597; *People v Stranton,* 257 AD2d 583; *People v Garrastazu,* 238 AD2d 354), we agree with the finding of pretext.

Viewing the evidence in the light most favorable to the prosecution (*see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. The evidence that the defendant had previously threatened the complainant, and that he aimed the gun at the complainant's genitals and then fired, provided a sufficient basis for the jury to conclude that the defendant intended to inflict serious physical injury to the complainant. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see,* CPL 470.15 [5]).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Thompson, J. P., Sullivan, Joy and Schmidt, JJ., concur.