■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JACKIE BARNES, Appellant. [691 NYS2d 49] —Judgment, Supreme Court, New York County (William Wetzel, J.), rendered January 27, 1998, convicting defendant, after a jury trial, of auto stripping in the second degree and criminal possession of stolen property in the fifth degree, and sentencing him, as a second felony offender, to concurrent terms of 2 to 4 years and 1 year, respectively, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence. There was ample evidence from which the jury could reasonably infer that the automobile lock was destroyed during the crime.

Defendant's *Batson* motion was properly denied. The record supports the court's finding that the People provided a race-neutral, nonpretextual reason for their challenge to the prospective juror in question. The court implicitly accepted the prosecutor's observation that the prospective juror, through his demeanor, showed particular distrust for the police when asked, along with other jurors, about police untruthfulness. The court's findings concerning discriminatory intent are entitled to great deference (*People v Hernandez*, 75 NY2d 350, *affd* 500 US 352), particularly where they involve matters of demeanor, which the trial court has a unique opportunity to observe (*see, People v Haywood*, 251 AD2d 255, *lv denied* 92 NY2d 898). Concur—Sullivan, J. P., Williams, Rubin, Andrias and Friedman, JJ.