■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRISTOPHER ARTIS, Appellant. [694 NYS2d 5] —Judgment, Supreme Court, New York County (Bruce Allen, J.), rendered June 9, 1997, convicting defendant, after a jury trial, of burglary in the second degree, and sentencing him, as a second felony offender, to a term of 7 years, unanimously affirmed.

The court properly denied defendant's *Batson* challenge (*Batson v Kentucky*, 476 US 79). The record supports the court's conclusion that the reasons proffered by the prosecutor for exercising a peremptory challenge against the prospective juror in question, that she seemed bored and disinterested in the proceedings, were race-neutral and non-pretextual (*see, People v Manigo*, 165 AD2d 660). A fair reading of the court's *Batson* ruling, viewed as a whole, establishes that it took the juror's demeanor into consideration, and such a determination is entitled to great deference on appeal (*see, People v Haywood*, 251 AD2d 255, *lv denied* 92 NY2d 898).

The court properly exercised its discretion in discharging a sworn juror who was unable to continue her jury service because of illness. After a thorough inquiry, in which the juror stated that it was unlikely that she could return the next day, the juror's future availability could not be determined. Further, the other jurors would have been inconvenienced by a delay because the jury was about to be charged and the jurors had made their personal arrangements for possible sequestration (*see, People v Jones*, 253 AD2d 665, *lv denied* 92 NY2d 1050; *People v Graves*, 243 AD2d 275, *lv denied* 91 NY2d 834). Since the court's ruling was in full accordance with the standards set forth in *People v Page* (72 NY2d 69), we need not decide any of the issues raised by defendant concerning the applicability, interpretation, and constitutionality of the recently enacted "two-hour" rule concerning substitution of jurors (CPL 270.35 [2]). Concur—Nardelli, J. P., Williams, Tom and Andrias, JJ.