■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID PENA, Appellant. [697 NYS2d 598] —Judgment, Supreme Court, New York County (John Stackhouse, J.), rendered October 14, 1998, convicting defendant, after a jury trial, of criminal possession of a controlled substance in the fifth degree, and sentencing him to a term of 1⅓ to 4 years, unanimously modified, as a matter of discretion in the interest of justice, to the extent of reducing the sentence to a term of 6 months imprisonment concurrent with 5 years probation and otherwise affirmed. The matter is remitted to Supreme Court, New York County, for further proceedings pursuant to CPL 460.50 (5).

The court properly denied defendant's challenge made pursuant to *Batson v Kentucky* (476 US 79). The record supports the court's conclusion that the reasons proffered by the prosecutor for exercising peremptory challenges against the two prospective jurors at issue were race-neutral and nonpretextual. A trial court's findings with respect to pretextuality are entitled to great deference (*see, People v Hernandez*, 75 NY2d 350, *affd* 500 US 352), particularly where, as here, the court has employed its unique opportunity to observe demeanor in making its findings (*see, People v Barnes*, 261 AD2d 281).

The court properly declined to submit criminal possession of a controlled substance in the seventh degree as a lesser included offense of criminal possession of a controlled substance in the fifth degree. Viewing the evidence in the light most favorable to defendant, there was no reasonable view of the evidence that defendant committed the lesser offense but not the greater offense (*see, People v Butler*, 248 AD2d 274, *lv denied* 91 NY2d 1005). The evidence, including the testimony of the chemists, clearly established that the weight of the cocaine seized from defendant was several times the statutory threshold of 500 milligrams.

We find the sentence excessive to the extent indicated. Concur—Ellerin, P. J., Nardelli, Lerner, Andrias and Friedman, JJ.