■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONALD GIBBS, Appellant. [701 NYS2d 27] —Judgment, Supreme Court, New York County (William Leibovitz, J.), rendered January 27, 1997, convicting defendant, after a jury trial, of criminal possession of a weapon in the third degree, and sentencing him, as a second felony offender, to a term of 2½ to 5 years, unanimously affirmed.

When a sworn juror was discharged, based upon a ground not known before the juror was sworn, and 12 jurors had been sworn but no alternates had yet been selected, the court properly resumed "regular" jury selection, in accordance with CPL 270.15 (4), in order to replace that discharged juror, rather than replacing the discharged juror by selecting an alternate for that purpose (see, People v Roberts, 236 AD2d 233, lv denied 91 NY2d 836; see also, People v Barr, 212 AD2d 485). A logical reading of the statutory scheme for jury selection leads us to the conclusion that resumption of jury selection and "lateral" entry of a new regular juror is permissible in this situation (cf., People v Alston, 88 NY2d 519, 526-527). Defendant had exhausted his peremptory challenges and, although not required, the court provided defendant and the People with one additional peremptory challenge.

The court properly found that the prosecutor provided a race-neutral, nonpretextual explanation for peremptorily striking a prospective juror. The court's findings on this subject are entitled to great deference (People v Hernandez, 75 NY2d 350, 356-357, affd 500 US 352), especially where the explanations involve matters of demeanor (see, People v Artis, 262 AD2d 215). We note that the court's own observations confirmed, to some extent, that the juror was displaying inattentiveness, and that the court was entitled to credit the prosecutor's representation that he had noticed other signs of inattentiveness. Concur—Sullivan, J. P., Nardelli, Rubin, Andrias and Friedman, JJ.