OPINION OF THE COURT
Donald J. Mark, J.
This criminal action, involving the case of Batson v Kentucky (476 US 79), and its progeny, was remanded by the Appellate Division, Fourth Department, because in violation of People v Payne (88 NY2d 172, 183-184), this court “[flailed to articulate *596 the basis for sustaining the People’s Batson challenge to defendant’s exercise of a peremptory strike with respect to a black prospective juror” (People v Sprague, 273 AD2d 861).
Pursuant to this remand a hearing was conducted at which the following evidence was adduced:
The transcript of the pertinent part of the jury selection process recited that, in an earlier off-the-record discussion, the defense attorney had challenged a prospective black juror peremptorily, because when he addressed her she had her arms across her chest, which indicated a certain attitude toward him or his client; the prosecutor responded that she was in the same position when he questioned her.[1] The transcript also revealed that in the same pass a peremptory challenge by the defense to another black prospective juror was sustained, based upon the reason that she felt a terrible crime was involved.
The prosecutor testified that the prospective juror had her arms across her chest during his questioning also. The defense attorney testified that the juror looked at him and the defendant with an unfriendly glance with her arms crossed, and that it was his gut instinct as a defense attorney that she was hostile.[2] He admitted that he claimed only the crossing of the chest as his explanation for a race-neutral reason at the repetition on the record, and also, that there was nothing wrong with her answers.
This court recalls that at the off-the-record sidebar conference the defense attorney challenged the prospective juror only because of the position of her arms. The prosecutor’s reply, that if he had relied upon such an explanation he would be “laughed out of court,”[3] particularly evoked this court’s recollection of the exchange.
The defendant argued that the peremptory challenge was not motivated by the juror’s race, that to sustain the challenge the court had to find that the defense attorney had fabricated a race-neutral reason and that the prosecutor had not satisfied his burden of showing purposeful discrimination. The prosecutor responded that the court had reason to determine that the challenge was pretextual.
*597 Some appellate courts have determined that peremptory challenges based upon a prospective juror’s demeanor were pretextual (e.g., People v Grier, 261 AD2d 555, 556, lv denied 93 NY2d 1019 [prospective jurors appeared to be “ ‘very conservative’ ” and more “ ‘receptive’ ” to the prosecutor as indicated by their eye contact and body language]; People v Stranton, 257 AD2d 583, 584, lv denied 93 NY2d 929 [prospective jurors’ demeanor and counsel’s “‘gut reaction’”]; People v Dalhouse, 240 AD2d 420, 422, lv denied 91 NY2d 871 [prospective juror held “ ‘her chin in her hand’ ”]; see, People v Durant, 250 AD2d 698, 700, lv denied 92 NY2d 879 [dissent would have disallowed peremptory challenge, because court did not agree that prospective juror was “ ‘making faces’ ” at prosecutor and her tone was hostile; majority allowed challenge, because defendant failed to make prima facie showing of purposeful discrimination]).
Other appellate courts have determined that peremptory challenges based upon a prospective juror’s demeanor were not pretextual (e.g., People v Diaz, 269 AD2d 766 [“ ‘body language’ ” indicated unwillingness of prospective juror to look at prosecutor while he was asking questions]; People v Pena, 265 AD2d 259, lv denied 94 NY2d 923 [court observed demeanor of prospective jurors]; People v Artis, 262 AD2d 215, affd sub nom. People v Jeanty, 94 NY2d 507 [prospective juror seemed bored and disinterested in proceedings]; People v Barnes, 261 AD2d 281, lv denied 93 NY2d 1014 [prospective juror through his demeanor showed particular distrust for police]; People v Davis, 251 AD2d 137, lv denied 92 NY2d 895 [bona fide concern as to prospective juror’s demeanor and employment history]).
All of the Appellate Division decisions cited determined either that the proffered race-neutral reason was pretextual or was not pretextual; none of the decisions which found that the race-neutral explanation was unacceptable did so on the sole basis that it was insignificant.
Moreover, there are references in both the United States Supreme Court and the Court of Appeals to insignificant reasons for Batson objections, but again in the pretextual context.
In Purkett v Elem (514 US 765, 766), the prosecutor in State court peremptorily challenged two prospective black male jurors, because one had “ ‘long curly hair’ ” and another had a “ ‘mustache and goatee type beard,’ ” and the defense attorney’s Batson claim was rejected in State court. Ultimately, the United States Supreme Court remitted the matter for further *598 proceedings, with the following observations: “The Court of Appeals erred by combining Batson’s second and third steps into one, requiring that the justification tendered at the second step be not just neutral but also at least minimally persuasive * * * It is not until the third step that the persuasiveness of the justification becomes relevant * * * At that stage, implausible or fantastic justifications may (and probably will) be found to be pretexts for purposeful discrimination. But to say that a trial judge may choose to disbelieve a silly or superstitious reason at step three is quite different from saying that a trial judge must terminate the inquiry at step two” (supra, at 768).
The Court of Appeals in People v Payne (supra, at 183) stated: “At the third step, trial courts are authorized to act on outlandish or entirely evanescent assertions, even if they appear race neutral on their face. At this last step, ‘the trial court determines whether the opponent of the strike has carried his burden of proving purposeful discrimination’ * * * although ‘a trial judge may choose to disbelieve a silly or superstitious reason’ put forth by the striking party, that Judge is not required to do so, and must in all cases make a step three pretext determination.”
The use of the terminology “implausible or fantastic justifications” and “silly or superstitious reason” by the United States Supreme Court in Purkett v Elem (supra, at 768), and “outlandish or entirely evanescent assertions” by the Court of Appeals in People v Payne (supra, at 183), would seem to imply that race-neutral reasons that fit into those categories would not satisfy the Batson standard even if not pretextual.[4]
As indicated, the defense attorney in this case peremptorily challenged the prospective black juror for the race-neutral reason that she had her arms folded across her chest. This is similar to the prospective juror who held her chin in her hand, conduct which was found to be pretextual in People v Dalhouse (supra). Also, as indicated, the defense attorney explained that this body position indicated a certain attitude toward him or his client. This is similar to People v Garrastazu (238 AD2d 354, lv denied 89 NY2d 1092), where defense counsel’s explanation was intuitive and based upon his subjective impression, and as a result it was found to be pretextual. Although the court did not view this juror’s actions, the prosecutor’s observation that the prospective juror acted in the same manner to *599 ward him is accepted (see, People v Barnes, supra), and this counteracts the complaint of the defense attorney (see, People v Grier, supra).[5]
Thus, this court finds that the defense attorney’s peremptory challenge to the prospective black juror, although honestly believed by him, was based upon such an insignificant reason that it was the equivalent of a pretextual reason, in that it amounted to purposeful discrimination; so the prosecutor’s objection to that peremptory challenge was properly sustained.

. This court never observed the position of the prospective black juror’s arms during questioning by both counsel.

. This testimony expanded the reason for the defense’s peremptory challenge.

. This is synonymous with the argument that had the prosecutor exercised the same peremptory challenge, a Batson objection by the defense attorney would certainly have been sustained; there is no reason to doubt this assertion.

. E.g., if a prosecutor honestly believed that all prospective jurors with gray eyes were defense oriented, it does not seem such an insignificant challenge would be tolerated.

. This is a case where the challenged jurors had responded to all questions uniformly, so by analogy is applicable.