■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FREDERICK MONROE, Appellant. [716 NYS2d 114] —Rose, J. Appeal from a judgment of the County Court of Ulster County (Bruhn, J.), rendered December 21, 1998, convicting defendant following a nonjury trial of the crime of robbery in the third degree.

The testimony at trial established that defendant followed Katie Magee and her friend, Peter Van Loan, to the third floor of Van Loan's apartment building where, as Van Loan was occupied with unlocking the door to his apartment, defendant accosted Magee, pushed her against a wall, caused her to fall and took her purse. When Van Loan chased defendant to the second-floor landing and fought with him, defendant dropped the purse and fled the scene. Later, when defendant was apprehended by police, he stated that the incident had resulted from his mistaken belief that Magee, who he did not know, was someone else who owed him $95. He related a similar account of the incident, including an admission that he had grabbed Magee, to the Grand Jury.

Defendant now appeals his conviction of robbery in the third degree, arguing that the People failed to establish the elements of physical force and intent. Although defendant contends that he intended only to recover money which he believed to be rightfully his and he did not use force in interacting with Magee, our review reveals that this was a robbery

and not a mere effort to recover $95 under a claim of right or a purse snatching unaccompanied by force.

The People proved that defendant grabbed or pushed Magee, causing her to fall, and fled with her purse. Defendant was thus shown to have used physical force for the purpose of preventing resistence or compelling Magee to deliver up her property (*see, People v Johnson*, 215 AD2d 590, *lv denied* 86 NY2d 843; *People v Garcia*, 201 AD2d 666, *lv denied* 83 NY2d 871). This evidence also supports County Court's finding that defendant's use of force was with the conscious objective of taking her purse, thus satisfying the intent element of robbery in the third degree (*see, People v Smith*, 79 NY2d 309, 314-315; *People v Martinez*, 173 AD2d 310, *lvs denied* 78 NY2d 970, 1013). Nor can we agree that the verdict was against the weight of the evidence (*see, People v Bleakley*, 69 NY2d 490, 495; *People v Rose*, 215 AD2d 875, 877, *lvs denied* 86 NY2d 801). Although defendant offered an alternative explanation for what occurred, we find no basis on this record to disturb County Court's determination of his credibility (*see, People v Glover*, 250 AD2d 427, *lv denied* 92 NY2d 925).

Defendant further argues that his counsel's summation was ineffective because, *inter alia*, it did not clearly request that a lesser charge be considered. In his summation, however, counsel expressly contended that the evidence supported only a lesser charge in light of the possibility that the purse had been knocked from Magee's shoulder during defendant's scuffle with Van Loan. Defendant's contention that his counsel should have argued an intoxication defense is equally unpersuasive, since defendant's conduct in driving his vehicle away from the scene, his actions upon apprehension and his ability to repeatedly recount his detailed version of the events simply do not evince incapacitating intoxication.

Crew III, J. P., Peters, Mugglin and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.