■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS SPRAGUE, Appellant. [721 NYS2d 205] —Judgment unanimously reversed on the law and new trial granted. Memorandum: Defendant appeals from a judgment convicting him after a jury trial of two counts of sodomy in the first degree (Penal Law § 130.50 [3]), and one count each of sexual abuse in the first degree (Penal Law § 130.65 [3]) and endangering the welfare of a child (Penal Law § 260.10 [1]). We previously held the case, reserved decision and remitted the matter to Supreme Court to set forth the basis for sustaining the People's *Batson* challenge to defendant's exercise of a peremptory strike with respect to a black prospective juror (*People v Sprague,* 273 AD2d 861; *see, Batson v Kentucky,* 476 US 79). After conducting a hearing, the court determined that "the defense attorney in this case peremptorily challenged the prospective black juror for the race-neutral reason that she had her arms folded across her chest" (*People v Sprague,* 185 Misc 2d 595, 598). The court found "that the defense attorney's peremptory challenge to the prospective black juror, although honestly believed by him, was based upon such an insignificant reason that it was the equivalent of a pretextual reason, in that it amounted to purposeful discrimination; so the prosecutor's objection to that peremptory challenge was properly sustained" (*People v Sprague, supra,* at 599). We agree with defendant that the court erred in sustaining the People's *Batson* challenge to his use of a peremptory strike against the black prospective juror. With respect to the third step of the *Batson* analysis, "[t]he focus [of the court] * * * is whether the 'race-neutral' explanation is a mere pretext for racial discrimination" (*People v Payne,* 88 NY2d 172, 181; *see, Hernandez v New York,* 500 US 352, 365). Here, the court found that defense counsel "honestly believed" that the juror's body language was indicative of hostility. That

finding is antithetical to pretext and intentional discrimination, and thus effectively resolves the *Batson* issue in defendant's favor. The purpose of *Batson* is to curtail purposeful discrimination in the selection of jurors. Because, as the court explicitly found, there was no intent on the part of defense counsel to discriminate on the basis of race, there was no *Batson* violation. While it is true that a court may construe an "outlandish or entirely evanescent" race-neutral reason for peremptorily challenging a prospective juror as pretext (*People v Payne, supra,* at 183), there is no authority for the court to conclude, as it did here, that a proffered race-neutral reason for seeking the peremptory strike of a prospective juror, while actually non-pretextual, was so insignificant as to be the equivalent of pretext. We therefore reverse the judgment of conviction and grant a new trial. (Resubmission of Appeal from Judgment of Supreme Court, Monroe County, Mark, J.—Sodomy, 1st Degree.) Present—Green, J. P., Hayes, Hurlbutt and Kehoe, JJ.