■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALEXANDER PEREIRA, Appellant. [739 NYS2d 76] —Judgment, Supreme Court, New York County (Richard Carruthers, J.), rendered July 27, 1998, convicting defendant, after a jury trial, of robbery in the first degree, robbery in the second degree (three counts), assault in the second degree and grand larceny in the fourth degree, and sentencing him to concurrent terms of 10 to 20 years, 7½ to 15 years, 7½ to 15 years, 7½ to 15

years, 3½ to 7 years and 1⅓ to 4 years, respectively, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence (*see, People v Bleakley*, 69 NY2d 490). On the contrary, we find the evidence to be overwhelming. Minutes after the crime, defendant was apprehended while driving the victim's cab and in possession of the victim's watch and money, whereupon he was promptly identified by the victim, and made a patently incredible statement to the police.

Defendant's application pursuant to *Batson v Kentucky* (476 US 79) was properly denied. The record supports the court's finding that the prosecutor provided race neutral, nonpretextual reasons for the peremptory challenges in question and such findings are entitled to great deference on appeal (*see, People v Hernandez*, 75 NY2d 350, *affd* 500 US 352). The record establishes that the People's challenge to two panelists who, inter alia, were sleeping or dozing off was not pretextual (*see, People v Artis*, 262 AD2d 215, *affd* 94 NY2d 507). The balance of defendant's *Batson* argument is similar to an argument rejected by this Court on a codefendant's appeal, and there is no basis upon which to reach a different result herein (*People v Smalls*, 276 AD2d 281, *lv denied* 95 NY2d 938).

The court properly exercised its discretion in denying defendant's mistrial motion made on the grounds that a police witness improperly referred to a redacted portion of a codefendant's statement. The offending portion of the statement was not prejudicial to defendant, and the court struck the testimony and provided a thorough curative instruction (*see, People v Santiago*, 52 NY2d 865). In any event, were we to find any error in this regard, we would find such error to be harmless in light of the overwhelming evidence of defendant's guilt (*People v Hamlin*, 71 NY2d 750, 758-759; *see also, People v Smith*, 97 NY2d 324).

We perceive no basis for a reduction of sentence. Concur—Nardelli, J.P., Buckley, Ellerin, Lerner and Rubin, JJ.