■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HOWARD PELLINGTON, Appellant. [741 NYS2d 694] —Judgment, Supreme Court, Bronx County (Edward Davidowitz, J.), rendered May 15, 1998, convicting defendant, after a jury trial, of murder in the second degree, and sentencing him to a term of 20 years to life, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence. Issues of credibility and identification, including the weight to be given the background of the People's main witness and the inconsistencies in his testimony, were properly considered by the jury and there is no basis upon which to disturb its determinations (see, People v Gaimari, 176 NY 84, 94).

The court properly denied defendant's application made pursuant to Batson v Kentucky (476 US 79). One of the prospective jurors at issue was properly excused by the court, sua sponte, since his responses as a whole cast doubt on his ability to be fair (see, People v Bludson, 97 NY2d 644). The court's determination that the prosecutor's demeanor-based reasons for challenging two other prospective jurors were race-neutral and nonpretextual is supported by the record and is entitled to great deference (see, People v Hernandez, 75 NY2d 350, affd 500 US 352; People v Pena, 265 AD2d 259, lv denied 94 NY2d 923).

The record establishes that defendant, through counsel, waived his right to be present at a robing room conference attended by the attorneys during which the jury foreperson informed the court about problems with another, unnamed juror during deliberations (see, People v Keen, 94 NY2d 533, 538-539; People v Mosely, 200 AD2d 430, 431, lv denied 83 NY2d 856). In any event, defendant's presence was not required since the discussion, during which the court did not give any substantive legal instructions to the foreperson, was not a material stage of trial and defendant's absence did not have an effect on his ability to defend against the charges (see, People v Pagan, 93 NY2d 891; People v Mullen, 44 NY2d 1; People v Herrmann, 280 AD2d 349, lv denied 96 NY2d 919).

Concur—Williams, P.J., Tom, Mazzarelli, Ellerin and Marlow, JJ.