■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHAUN VALENTINE, Appellant. [747 NYS2d 509] —Judgment, Supreme Court, New York County (Marcy Kahn, J.), rendered January 25, 2001, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of $4^{3}/_{4}$ to $9^{1}/_{2}$ years, unanimously affirmed.

Defendant's application made pursuant to *Batson v Kentucky* (476 US 79) was properly denied. We note that defendant clearly failed to establish a prima facie case of discrimination. However, since the court nevertheless proceeded to request an explanation for the single peremptory challenge at issue, and then ruled on the ultimate issue of pretextuality, the absence of a prima facie case is moot (*People v Payne*, 88 NY2d 172, 182). We conclude that defendant did not satisfy his burden of

establishing that the race-neutral reason offered by the prosecutor, namely that the panelist's demeanor during voir dire suggested that she was not interested and alert, was pretextual. A trial court is in the best position to determine the credibility of an attorney's assertion that a challenge is not based on race, and such a determination is entitled to great deference (*see People v Hernandez*, 75 NY2d 350, *affd* 500 US 352). The court was entitled to credit the prosecutor's representation that he had noticed the panelist's inattentiveness (*People v Gibbs*, 267 AD2d 179, *lv denied* 95 NY2d 835). There is no evidence in the record that there were equally inattentive panelists whom the prosecutor did not challenge.

Under the particular circumstances, the court properly admitted a quantity of drugs that were not alleged to have been possessed by defendant. Earlier in the trial, defendant had waived any objection to testimony that drugs had been recovered from another alleged drug seller, not claimed to be defendant's accomplice, with whom defendant had been standing prior to defendant's alleged observation sale. Accordingly, since defendant was claiming misidentification, the People were entitled to have the other person's drugs admitted into evidence in order to show the jury that those drugs had a different appearance from those allegedly sold by defendant, in order to dispel any suggestion that the other person was actually responsible for the sale attributed to defendant (*see People v Melendez*, 55 NY2d 445). There was no possibility of prejudice, since the court repeatedly instructed the jurors that defendant was not charged with the sale or possession of the drugs recovered from the other person. Concur—Nardelli, J.P., Buckley, Ellerin, Rubin and Friedman, JJ.