(June 15, 2004)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DOMINICK NOONE, Appellant. [778 NYS2d 169]—

Judgment, Supreme Court, Bronx County (Michael Gross, J.), rendered November 21, 2002, convicting defendant, after a jury trial, of attempted assault in the first degree, and sentencing him to a term of 4½ years, unanimously affirmed.

Upon defendant's appeal from his conviction, this Court remanded the matter to Supreme Court for a hearing pursuant to *Batson v Kentucky* (476 US 79 [1986]) to afford the People an opportunity to provide race-neutral explanations for their peremptory challenges which excluded the only two Caucasian members of a jury panel in an action where the alleged victim was African-American and the defendant was Caucasian (308 AD2d 368 [2003]). Following such hearings conducted on October 10, 2003 and November 14, 2003, the Supreme Court adhered to its prior determination which denied defense counsel's *Batson* application. We now affirm.

It is well settled that a party raising the issue of racial discrimination in the exercise of peremptory challenges must first make a prima facie showing that the opposing party exercised its challenges to exclude a member of a cognizable group. Once such a showing has been made, the burden shifts to the party exercising its challenges to come forward with race-neutral explanations. The burden of proof then shifts again to the party objecting to the peremptory strikes to demonstrate that these proffered explanations are merely pretextual (*People v Payne*, 88 NY2d 172, 181 [1996]).

In the instant matter, defendant made a prima facie showing that the People's exercise of its peremptory challenges, which excluded the only two Caucasian prospective jurors, juror Moody and juror Brennan, may have been racially motivated. However, the People met their burden of demonstrating race-neutral explanations for challenging these two jurors. As to juror Moody, the People contended that she has a close friend who was previously arrested for driving while intoxicated, a circumstance that troubled the prosecutor in light of defendant's claim of intoxication at the time of the alleged incident. As to juror Brennan, the People asserted that during the voir dire, he rolled his eyes, sighed repeatedly, gave terse one-word answers and acted "as if he . . . had some place better to be."

Here, the record establishes that the basis for the Supreme Court's denial of defendant's *Batson* application was defendant's failure to establish that the People's explanation for challenging jurors Moody and Brennan was pretextual. We find that the proffered explanations were legitimate and rationally based and call into question the very ability of these potential jurors to serve fairly and impartially (*see People v Hernandez*, 75 NY2d

350 [1990], *affd* 500 US 352 [1991]; *People v Barnes*, 261 AD2d 281 [1999], *lv denied* 93 NY2d 1014 [1999]). Concur—Ellerin, J.P., Williams, Lerner, Friedman and Gonzalez, JJ.