■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRUCE W. SIMMONS, Appellant. [818 NYS2d 859]—

Lahtinen, J. Appeal from a judgment of the Supreme Court (Lamont, J.), rendered November 14, 2003 in Albany County, upon a verdict convicting defendant of the crimes of robbery in the third degree and grand larceny in the fourth degree.

Defendant encountered an elderly man confined to a wheel chair and allegedly took his wallet by jerking it loose from a lanyard around the man's neck. The victim called 911 and defendant was arrested later that day. After being advised of his *Miranda* rights, defendant gave police a written statement acknowledging that he "pulled [the victim's wallet] off of him" and used the money therein to purchase cocaine. Defendant explained that he believed a woman who had earlier removed $74 from him was affiliated with the victim and had taken the money to the victim's apartment. He was indicted upon charges of robbery in the third degree and grand larceny in the fourth degree. The victim died of causes unrelated to this incident prior to trial. A jury convicted defendant of the charged crimes and he was sentenced as a second felony offender to an aggregate prison term of 3½ to 7 years. Defendant appeals.

Defendant initially argues that Supreme Court committed reversible error when it admitted into evidence a call ticket generated by the victim's 911 call upon the ground that it was a business record containing an excited utterance.* Accepting without deciding defendant's argument that the court erroneously admitted the 911 call ticket, we find such error harmless in light of defendant's confession that he forcibly took the victim's wallet (*see generally People v Crimmins*, 36 NY2d 230 [1975]).

The next argument advanced by defendant is that the People failed to provide a nondiscriminatory reason for exercising a peremptory challenge to an Hispanic juror (*see Batson v Kentucky*, 476 US 79 [1986]). After the People used peremptory challenges regarding an Hispanic juror and a black juror, defendant (who claimed ancestry in both races) objected and Supreme Court determined that he met his threshold burden of showing the challenges were related to race. It thus became incumbent upon the People to provide a race-neutral explanation for excusing the jurors in question (*see People v Smocum*, 99 NY2d 418, 422 [2003]; *People v Allen*, 86 NY2d 101, 109-110 [1995]). Defendant now acknowledges that the People provided a race-neutral

* Supreme Court did not allow the 911 tape recording because of a discovery error by the People (*see* CPL 240.20), but held that such ruling did not apply to the call ticket.

explanation as regards the black juror and, accordingly, we consider the *Batson* issue only as to the Hispanic juror. The prosecutor's explanation for challenging such juror included that her sibling had been convicted of burglary, she was employed at a drug treatment clinic and her brother worked with an honors court. The prosecutor added that he planned to introduce defendant's grand jury testimony in which defendant made a plea for drug rehabilitation and the prosecutor was concerned that the juror's involvement with drug rehabilitation and alternative sentencing might affect her judgment as a juror. "[T]he prosecutor's explanation, which does not have to be persuasive or plausible . . . but need only be facially permissible" (*People v Skervin*, 13 AD3d 661, 662 [2004], *lv denied* 5 NY3d 833 [2005] [internal quotation marks and citations omitted]), was determined by Supreme Court to be sufficiently race neutral, and we find no reason in this record to depart from that determination.

The remaining issues do not require lengthy discussion. Legally sufficient evidence of the element of physical force (*see* Penal Law §§ 160.00, 160.05) was established by the testimony of police officers who observed swelling and red, burn-like marks on the victim's neck, together with the proof that defendant jerked the wallet from a lanyard around the victim's neck (*see People v Reyes*, 15 AD3d 505, 505, [2005], *lv denied* 4 NY3d 856 [2005]; *People v Monroe*, 277 AD2d 598, 598-599 [2000]). Our independent weighing of the proof presented at trial does not persuade us that the verdict was against the weight of the evidence (*see People v Monroe, supra* at 599). There was no reversible error in Supreme Court's charge regarding physical force, which closely followed the pattern jury instruction (*see People v Giordano*, 296 AD2d 714, 715 [2002], *lv denied* 99 NY2d 582 [2003]). Finally, the court's removal of a juror was not improper since that juror was observed sleeping during trial by several other jurors and, upon questioning, acknowledged that she was taking medicine which made her drowsy and that she may not have heard everything at trial (*see People v Simpkins*, 16 AD3d 601, 601-602 [2005], *lv denied* 5 NY3d 769 [2005]).

Crew III, J.P., Peters, Mugglin and Rose, JJ., concur. Ordered that the judgment is affirmed.