■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v OMARI LEE, Also Known as OMAR LEE and O, Appellant. [914 NYS2d 415]—

Mercure, J.P. Appeal from a judgment of the County Court of Schenectady County (Hoye, J.), rendered July 3, 2008, upon a verdict convicting defendant of the crimes of murder in the second degree and criminal possession of a weapon in the second degree (four counts).

Defendant was charged in a 14-count indictment with numerous crimes relating to the April 2007 murder of Xavier McDaniel in Schenectady County. Defendant believed that McDaniel had stolen crack cocaine, cash and a gun from him. While defendant's friend, Allen Blount, distracted McDaniel by asking to purchase marihuana in McDaniel's car, defendant ran up to the vehicle, opened the door and confronted McDaniel over the stolen items. Defendant then shot McDaniel twice, once in the right hip and once in the chest, killing him.

The matter proceeded to trial and, at the close of the People's case, County Court dismissed the top count of the indictment charging defendant with murder in the first degree, as well as one charge of murder in the second degree and four counts of robbery in the first degree. The People thereafter consented to dismissal of count 9 of the indictment, charging defendant with criminal possession of a weapon in the second degree. Defendant was ultimately convicted of murder in the second degree and four counts of criminal possession of a weapon in the second degree. County Court sentenced him, as a second felony offender, to 25 years to life for murder in the second degree and 15 years—to be followed by five years of postrelease supervi-

sion—for each count of criminal possession of a weapon. One 15-year term was to run concurrently with the sentence for murder in the second degree, with all other sentences running consecutively. Defendant appeals.

Initially, we agree with defendant that the evidence was not legally sufficient to support his conviction of criminal possession of a weapon in the second degree under count 14 of the indictment. As defendant asserts, Blount was an accomplice as a matter of law inasmuch as "the jury could reasonably reach no other conclusion but that he participated in the offense charged or an offense based upon the same or some of the same facts or conduct which constitute the offense charged" (*People v Caban*, 5 NY3d 143, 153 [2005] [internal quotation marks and citation omitted]; *see* CPL 60.22 [2]). Thus, defendant could not be convicted upon Blount's testimony absent sufficient corroborative evidence connecting defendant to the commission of the charged crimes (*see* CPL 60.22 [1]; *People v Reome*, 15 NY3d 188, 191-192 [2010]).[1]

Count 14 of the indictment charged defendant with criminal possession of a weapon in April 2007. The People alleged that the weapon was the 9 millimeter handgun held by Blount at the murder scene. Blount testified that he gave the handgun to defendant when he fled to Onondaga County shortly after Mc-Daniel's murder. While "much less evidence and of a distinctly inferior quality is sufficient to meet the slim corroborative linkage to otherwise independently probative evidence from accomplices" (*People v Reome*, 15 NY3d at 192 [internal quotation marks and citation omitted]), we agree with defendant that the People failed to present *any* corroborative evidence tending to show that defendant possessed the 9 millimeter handgun in mid to late April 2007. Thus, "the corroboration requirement [was] not met," and the "conviction [upon count 14] cannot stand" (*id.* at 192).

We reject defendant's argument, however, that County Court

---

1. Although defense counsel specifically requested that County Court not instruct the jury that Blount was an accomplice as a matter of law—and, thus, any challenge to the jury charge is not preserved—defendant preserved his challenge to the distinct legal issue of the sufficiency of the corroborative evidence by a motion to dismiss at the close of the People's case that was both specifically directed at the error now alleged on appeal and renewed after defendant presented evidence (*see People v Hines*, 24 AD3d 964, 965-967 [2005], *lv denied* 6 NY3d 834 [2006]; *People v Mahan*, 195 AD2d 881, 882-883 [1993]; *People v Rivers*, 169 AD2d 883, 884-885 [1991], *lv denied* 77 NY2d 999 [1991], *lv denied upon reconsideration* 78 NY2d 1080 [1991]; *People v Conklin*, 139 AD2d 156, 160 [1988], *lv denied* 72 NY2d 1044 [1988]; *see also People v Hines*, 97 NY2d 56, 61 [2001]; *but see People v Wesley*, 19 AD3d 937, 937-938 [2005], *lv denied* 5 NY3d 857 [2005]).

erred in denying his *Batson* objection to the People's use of peremptory challenges against three African-American jurors in the potential jury pool (*see Batson v Kentucky*, 476 US 79 [1986]). Upon defendant's objection that the three stricken jurors were similarly situated to non-African Americans who were not stricken, County Court concluded that he had established a prima facie case of discrimination.[2] Hence, the burden shifted to the People to "come forward with a race-neutral explanation for each challenged peremptory" (*People v Smocum*, 99 NY2d 418, 422 [2003]). That explanation was not required to be "persuasive, or even plausible"; as long as the reasons for the challenges are "*facially neutral*," even "ill-founded" reasons will suffice (*People v Payne*, 88 NY2d 172, 183 [1996] [internal quotation marks and citations omitted]; *see People v Simmons*, 31 AD3d 1051, 1053 [2006], *lv denied* 7 NY3d 929 [2006]).

With that standard in mind, we conclude that the People provided a race-neutral explanation for the challenges, stating that one juror was challenged because he was sleeping and audibly snoring during the jury selection process, and that—unlike the jurors that defendant claimed were similarly situated—the other two jurors did not fit the People's preferred profile of jurors who were married with children, somewhat older, and newspaper readers with a strong connection to the community, such as owning property. Inasmuch as these justifications were race-neutral and overcame the inference of discrimination, the People met their burden (*see People v Alston*, 307 AD2d 1046, 1046 [2003], *lv denied* 1 NY3d 539 [2003]; *People v Pereira*, 292 AD2d 251, 252 [2002], *lv denied* 98 NY2d 679 [2002]; *People v Bessard*, 148 AD2d 49, 52-53 [1989], *lv denied* 74 NY2d 845 [1989]). Defendant's assertion on appeal that the People's explanation regarding their preferred profile should be considered pretextual because the People deviated from that profile by challenging jurors who fit *within* the profile is not preserved because defendant failed to advance this argument before County Court (*see People v Smocum*, 99 NY2d at 423; *People v Payne*, 88 NY2d at 184). Rather, when given the opportunity to meet his "ultimate burden of persuading the court that the reasons [were] merely a pretext for intentional discrimination" (*People v Smocum*, 99 NY2d at 422), defendant simply relied upon his initial objections. Under these circumstances and defer-

---

**2.** When, as here, the trial court has ruled on the ultimate question of intentional discrimination, the question of whether a moving party has made a prima facie case becomes moot (*see People v Smocum*, 99 NY2d 418, 422-423 [2003]; *People v Payne*, 88 NY2d 172, 182 [1996]).

ring to County Court's credibility determinations, we discern no basis to disturb the court's finding that the People's explanation was not pretextual (*see People v Knowles*, 79 AD3d 16, 21-22 [2010]; *People v Simmons*, 31 AD3d at 1053; *People v Skervin*, 13 AD3d 661, 662 [2004], *lv denied* 5 NY3d 833 [2005]).

Defendant further argues that County Court denied him a fair trial by permitting proof of his involvement—along with Blount—in the drug trade and with a street gang, his giving a false name and date of birth to police when he was shot after McDaniel's murder, and his possession of guns on dates other than those charged in the indictment. With respect to gun possession specifically, defendant challenges the proof regarding his prior possession of the 9 millimeter handgun that was the subject of count 14, the .22 caliber handgun used to shoot McDaniel, and the .357 revolver that defendant believed McDaniel had stolen from him. It is well settled that evidence of uncharged crimes may be admitted "when the evidence is relevant to a pertinent issue in the case other than a defendant's criminal propensity to commit the crime charged," but only if "its probative value for the jury outweighs the risk of undue prejudice to the defendant" (*People v Till*, 87 NY2d 835, 836 [1995]; *see People v Giles*, 11 NY3d 495, 499 [2008]; *People v Rojas*, 97 NY2d 32, 37 [2001]).

Here, County Court properly admitted the evidence of gang membership and drug dealing activities to show defendant's motive for murdering McDaniel and his relationship to Blount, and to provide necessary background information (*see People v Smith*, 63 AD3d 1301, 1303 [2009], *lv denied* 13 NY3d 862 [2009]; *People v Faccio*, 33 AD3d 1041, 1042 [2006], *lv denied* 8 NY3d 845 [2007]; *People v Williams*, 28 AD3d 1005, 1007-1008 [2006], *lv denied* 7 NY3d 819 [2006]). The evidence regarding prior possession of the guns was inextricably interwoven with the charged crimes and tended to show the manner in which defendant came into possession and had access to the various weapons involved at the relevant times given in the indictment (*see People v Williams*, 28 AD3d at 1008; *People v Tarver*, 2 AD3d 968, 968-969 [2003]). Furthermore, the evidence that defendant supplied police with false identifying information and a misleading story of how he obtained a gunshot wound demonstrated consciousness of guilt (*see People v Till*, 87 NY2d at 837). In our view, "[t]he probative value of this . . . evidence outweighed the prejudice, and the court delivered adequate instructions to the jury regarding the proper use of this information" (*People v Faccio*, 33 AD3d at 1042; *see People v Mullings*, 23 AD3d 756, 758-759 [2005], *lv denied* 6 NY3d 756 [2005]).

Finally, there is no merit to defendant's claim that he received ineffective assistance of counsel inasmuch as he has failed to demonstrate the absence of a strategic explanation for counsel's alleged shortcomings (*see People v Hines*, 24 AD3d 964, 966 [2005], *lv denied* 6 NY3d 834 [2006]).

Malone, Jr., Stein, McCarthy and Egan Jr., JJ., concur. Ordered that the judgment is modified, on the law, by reversing so much thereof as convicted defendant of the crime of criminal possession of a weapon in the second degree under count 14 of the indictment; said count dismissed; and, as so modified, affirmed.