■ The People of the State of New York, Respondent, v William Matiash and Mikoli Matiash, Appellants. [602 NYS2d 977] —Mahoney, J. Appeals from a judgment of the County Court of Sullivan County (Battisti, Jr., J.), rendered December 12, 1991, convicting defendants of the crimes of assault in the first degree (two counts) and criminal possession of a weapon in the fourth degree.

The primary issue on appeal in this jointly tried assault prosecution, involving the bizarre beating and partial castration of a man defendants believed was having an affair with defendant William Matiash's estranged wife, is whether County Court's failure to interrogate two jurors regarding a particular lunchtime conversation they had constitutes reversible error. A review of the record establishes that during a lunch break which occurred after the prosecution had rested and after William Matiash had completed his defense but before defendant Mikoli Matiash had an opportunity to present his defense, the Commissioner of Jurors informed the court that a person had reported hearing two jurors discussing the case with restaurant employees at a local fast food restaurant over lunch. Both the Commissioner of Jurors and the witness who overheard the conversation were questioned under oath in chambers, with counsel and defendants present. According to the witness, he was waiting in line at the restaurant when he overheard a conversation between two women and a restaurant employee, all of whom appeared to know one another. After some talk about not liking to be on jury duty, the employee commented that the case must be getting boring and both jurors agreed. In response to the employee's inquiry about what they did when it got boring, one stated that "sometimes you just don't pay attention, just tune out". The employee then asked how the jurors make up their minds, i.e., do "you just make up your mind?" According to the witness, this question was met with the following response: "So the one juror that was facing me said, No, no, you can't do that, you just don't make up your mind right away. The one with her back facing me said, Well, I already made up my mind already. Then they both agreed: 'Well, the

lawyers are dragging this out, this case is dragging out. They just introduced some new evidence and when they introduced the new evidence, now I got to make my mind up the other way.' * * * So the employee said, Well, you know, I guess that's the way it is, like I guess you have your mind made up one way and then the other way. They said, 'Well, we discuss it with ourselves and we kind of flip-flop back and forth. We think it's this way and then they introduce some evidence and we change our minds the other way.' "

Based upon the foregoing, County Court concluded that the conversation did not constitute egregious error, but rather was innocuous and, although it would have been better had it not occurred, did not indicate that either juror prematurely had made up her mind. Accordingly, the court declined to interrogate the jurors individually and instead issued a strong admonishment upon reentering the courtroom and made inquiry of each juror individually whether each would not make up his or her mind until the conclusion of the case, would not discuss the case amongst themselves until deliberations and would obey all future court orders. Each responded favorably.

Following conclusion of the case, defendants were each found guilty of two counts of assault in the first degree and one count of criminal possession of a weapon in the fourth degree. William Matiash was sentenced to 2½ to 7½ years' imprisonment; Mikoli Matiash to 1½ to 4½ years. Both defendants appeal.

The law on the subject of midtrial alleged juror misconduct is clear. Pursuant to CPL 270.35, "If at any time after the trial jury has been sworn and before the rendition of its verdict * * * the court finds, from facts unknown at the time of the selection of jury, that a juror is grossly unqualified to serve in the case * * * the court must discharge such juror." A juror is deemed to be grossly unqualified "only 'when it becomes obvious that [the] particular juror possesses a state of mind which would prevent the rendering of an impartial verdict' " *(People v Buford,* 69 NY2d 290, 298, quoting *People v West,* 92 AD2d 620, 622 [Mahoney, P. J., dissenting], *revd on dissenting opn below* 62 NY2d 708; *see, People v Rodriguez,* 71 NY2d 214; *People v Chamberlain,* 178 AD2d 783, 784-785, *lv denied* 79 NY2d 945). The disqualification determination is to be made on a case-by-case basis after a "probing and tactful inquiry" into the "unique facts" *(People v Buford, supra,* at 299), and great deference is to be given to the trial court's findings.

Here, faced with vague assertions that certain jurors were

overheard discussing the case, County Court chose to begin its in camera interrogation not with the jurors themselves, but rather with the witness in an effort to first ascertain exactly what that witness had seen and heard. This being the least disruptive method of initially ascertaining the particulars, we see no error in this mode of proceeding. Upon conducting an interrogation of the witness it became apparent that the sum and substance of the jurors' conversation was not about the particulars of the case but rather focused upon the experience of sitting on a jury—that it was boring, that the lawyers dragged things out and how, as individual jurors, they dealt with the reception of evidence. It also revealed, quite clearly, that neither juror had any preexisting bias but only that one listened to the evidence planning a decision at the end of the proof and the other kept changing her mind and reevaluating the testimony with each new piece of evidence. It thus appearing from the nature of the conversation that the jurors' misconduct was essentially innocuous, we see no abuse of discretion, under these circumstances, in County Court's decision not to interrogate the two jurors individually *(cf., People v Estrada,* 191 AD2d 286, *lv denied* 81 NY2d 1013).

As a final matter, inasmuch as there is no evidence that any juror formed a premature opinion as to defendants' guilt or innocence, in our view the strong admonishment given to the jury to refrain from discussing the case amongst themselves and from engaging in any premature deliberations also was sufficient to correct any misunderstandings the jury may have had about the deliberative process *(see,* CPL 270.40; *cf., People v Gordon,* 77 AD2d 659).

We have reviewed defendants' remaining contentions and find them to be without merit. In so doing, however, we note our conclusion that, under the circumstances presented, the sentences imposed upon defendants were not excessive. Accordingly, we decline to substitute our discretion for that of the sentencing court.

Weiss, P. J., Mercure, Cardona and Casey, JJ., concur. Ordered that the judgment is affirmed.