■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DEJON MCGINIS, Also Known as DEJON MCINIS, Appellant. [679 NYS2d 363] —Judgment, Supreme Court, New York County (Daniel FitzGerald, J.), rendered September 26, 1995, convicting defendant, after a jury trial, of robbery in the first degree, and sentencing him, as a second violent felony offender, to a term of 10 to 20 years, unanimously affirmed.

The circumstantial evidence at trial was sufficient, when viewed in the light most favorable to the People, to establish that defendant knowingly aided two other individuals in their immediate flight from the commission of an armed robbery (*see, People v Rossey*, 89 NY2d 970). A rational trier of fact could find that defendant was a knowing participant in the crime based on the timing and orchestration by defendant of his arrival at the crime scene in the livery cab, his instructions to the driver of the cab, and the totality of the words and action of defendant and the other two participants. Concur—Sullivan, J. P., Nardelli, Rubin, Tom and Mazzarelli, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD WILLIAMS, Appellant. [677 NYS2d 761] —Judgment, Supreme Court, New York County (Daniel FitzGerald, J.), rendered March 15, 1995, convicting defendant, after a jury trial, of murder in the second degree and criminal possession of a weapon in the second degree, and sentencing him, as a second felony offender, to concurrent terms of 25 years to life and 7½ to 15 years, respectively, unanimously affirmed.

Defendant's challenge to the sufficiency of the court's response to reports of alleged premature jury deliberations is unpreserved and we decline to review it in the interest of justice. We reject, as unsupported by the record, defendant's claim that the requirement of preservation should not apply because the suspected premature deliberations related to counsel's performance and allegedly placed counsel under a conflict of interest. Were we to review these claims, we would find that the court conducted a thorough inquiry, and that there is no showing that the jurors were prejudiced against defendant, or that there was any premature deliberation or sifting of facts (*People v Horney*, 112 AD2d 841), or that any juror possessed a state of mind that would prevent the rendering of an impartial verdict (*People v Matiash*, 197 AD2d 794, *lv denied* 82 NY2d 899). Concur—Sullivan, J. P., Nardelli, Rubin, Tom and Mazzarelli, JJ.