THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANGELO RUGGIERO, Appellant. [719 NYS2d 124] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Giaccio, J.), rendered June 18, 1998, convicting him of grand larceny in the second degree and criminal possession of stolen property in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered.

During jury selection the court asked three newly-chosen jurors whether there was any question asked, any answer given, or any subject matter that would cause them to not be able to serve on the jury and render anything but a fair and impartial verdict. One of the jurors who had already been sworn stated, "Judge, I don't know if this has any bearing," and was immediately interrupted by the court. The court refused to listen to what this juror had to say. After the court refused to allow the juror to speak, the prosecutor told the court that he was concerned about what this juror was going to say. In addition, the defendant asked the court to at least consider an in camera inquiry to determine if the juror was going to say something that would affect his ability to be fair and impartial. The court refused.

We reverse. When a sworn juror's comments or actions raises a question concerning his or her ability to be impartial, "the trial court must question each allegedly unqualified juror individually in camera in the presence of the attorneys and defendant * * * In a probing and tactful inquiry, the court should evaluate the nature of what the juror has seen, heard, or has acquired knowledge of, and assess its importance and its bearing on the case" (*People v Buford*, 69 NY2d 290, 299; *see, People v Rodriguez*, 71 NY2d 214). Here, the court refused to allow the juror to express his concern with regard to his ability to serve as an impartial juror, and rejected the defendant's request to conduct an in camera inquiry to determine whether the juror was grossly unqualified. Consequently, because the court did not conduct any inquiry, we will never know whether

this juror held an opinion that affected his ability to be impartial (*see, People v McClenton,* 213 AD2d 1). Therefore, the judgment is reversed, and a new trial ordered.

In light of our determination, we do not reach the defendant's remaining contentions. Bracken, Acting P. J., Altman, Goldstein and McGinity, JJ., concur.