■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY M. GARRAWAY, Appellant. [779 NYS2d 925]—

Cardona, P.J. Appeal from a judgment of the County Court of Broome County (Mathews, J.), rendered January 6, 2003, upon a verdict convicting defendant of the crimes of animal fighting (four counts) and perjury (three counts).

Following a jury trial, defendant was convicted of four counts of animal fighting and three counts of perjury based upon an indictment alleging that he conducted pit bull fights at his home and, thereafter, lied to a grand jury about his involvement in such activities (see Agriculture and Markets Law § 351 [2], [3]; Penal Law § 210.15). County Court sentenced defendant, as a second felony offender, to prison terms of 1⅓ to 4 years for animal fighting and 3½ to 7 years for perjury, the latter sentence to run consecutive to the former.

On this pro se appeal, defendant's contention is that County Court erred by refusing to question a juror who defendant claimed he had repeatedly observed associating with police officers outside the courthouse, thereby infringing upon his right to have a trial conducted by a fair and impartial jury.

Initially, we do not agree with the People's claim that defendant's argument was not preserved for appellate review by appropriate objection. Before jury deliberations began, defendant, acting pro se, "impliedly sought" a ruling from County Court (CPL 470.05 [2]) on whether the juror should be questioned regarding her associations with the police and whether any such affiliations would affect her judgment at trial. If the juror was so affected, defendant clearly expressed a desire to dismiss her. Simply, he "need not have said more" (People v Hilton, 145 AD2d 352, 353 [1989], appeal withdrawn 73 NY2d 1016 [1989]). Under those circumstances, defendant is deemed to have sufficiently protested County Court's ultimate determination not to question the juror, thereby preserving the issue for appellate review.

Turning to the merits, we find no basis for reversal. Significantly, "[w]hen a sworn juror's . . . actions raise[ ] a question concerning his or her ability to be impartial, 'the trial court must question [that juror] individually in camera in the presence of the attorneys and defendant . . . . In a probing and tactful inquiry, the court should' . . . determine whether the juror [is] grossly unqualified" (*People v Ruggiero,* 279 AD2d 538, 538 [2001], *lv denied* 96 NY2d 834 [2001], quoting *People v Buford,* 69 NY2d 290, 299 [1987] [citation omitted]). A juror is grossly unqualified "only 'when it becomes obvious that [the] particular juror possesses a state of mind which would prevent the rendering of an impartial verdict' " (*People v Buford, supra* at 298, quoting *People v West,* 92 AD2d 620, 622 [1983] [Mahoney, P.J., dissenting], *revd on dissenting op below* 62 NY2d 708 [1984]; *see People v Rodriguez,* 71 NY2d 214, 219 [1988]; *see also People v Matiash,* 197 AD2d 794, 795 [1993], *lv denied* 82 NY2d 899 [1993]). Here, defendant's observations of the juror's outside associations with various law enforcement officials were not indicative of partiality. There is nothing in the record to suggest that the juror's interaction with the law enforcement officials, who had no apparent involvement with this case, caused her to form "a premature opinion as to defendant['s] guilt or innocence" (*People v Matiash, supra* at 796). Without more, her acquaintanceship with them does not "raise a legitimate issue as to whether she was 'grossly unqualified' " (*People v Brace,* 259 AD2d 782, 783 [1999], *lv denied* 93 NY2d 1014 [1999], quoting CPL 270.35 [1]; *see People v Buford, supra* at 299). Therefore, we cannot say that County Court erred in determining that a *Buford* inquiry was unnecessary.

Crew III, Peters, Mugglin and Rose, JJ., concur. Ordered that the judgment is affirmed.