■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HAROLD JACKSON, Appellant. [841 NYS2d 157]—

Mercure, J.P. Appeal from a judgment of the County Court of Albany County (Breslin, J.), rendered November 12, 2004, convicting defendant following a nonjury trial of two counts of the crime of criminal sale of a controlled substance in the third degree.

Defendant was indicted on two counts of criminal sale of a controlled substance in the third degree stemming from two controlled heroin buys carried out by police with the assistance of a confidential informant (hereinafter CI) on September 18, 2003 and October 8, 2003 in the City of Albany. On both occasions, a call was made by the CI arranging a buy and she was then searched, fitted with a wire and dropped off near the rendezvous point by police investigators Matthew Campbell and Eugene Duda, who listened to the meetings between defendant and the CI as they transpired. Campbell and Duda, along with a third police officer in a separate vehicle, visually observed the transactions as well. In addition, the controlled buys were both recorded onto audiotapes and the second buy was documented in four photographs. Following a nonjury trial, defendant was convicted on both counts and sentenced to two consecutive prison terms of 4½ to 9 years. He now appeals.

Initially, we reject defendant's argument that the People's failure to notify him of the review of the tape recordings by the CI and Duda violated CPL 710.30. CPL 710.30 requires that

"[w]henever the people intend to offer at a trial . . . testimony regarding an observation of the defendant either at the time or place of the commission of the offense or upon some other occasion relevant to the case, to be given by a witness *who has previously identified him [or her] as such*, they must serve upon the defendant a notice of such intention, specifying the evidence intended to be offered" (CPL 710.30 [1] [b] [emphasis added]). This statute aims to protect against those "pretrial identification procedures [that] could be so suggestive or misleading as to compromise a defendant's constitutional right to due process of law" by providing defendant with notice and the opportunity to contest the identification by means of a *Wade* hearing (*People v Gee*, 99 NY2d 158, 161-162 [2002]; *see United States v Wade*, 388 US 218 [1967]). The review of the recordings by the CI— who wore the transmitter and participated in the recorded conversations with defendant and reviewed the tapes for the first time just prior to testifying—constituted trial preparation and not identification procedures within the ambit of CPL 710.30 and, thus, no notice regarding the CI's review was required (*see People v Herner*, 85 NY2d 877, 879 [1995]; *People v Hopkins*, 284 AD2d 223, 223 [2001], *lv denied* 96 NY2d 902 [2001]; *People v Glover*, 266 AD2d 862, 863 [1999], *lv denied* 94 NY2d 862 [1999]; *People v Clark*, 203 AD2d 935, 936 [1994], *lv denied* 83 NY2d 965 [1994]).

With respect to Duda, we note that it is unclear when he reviewed the recordings—whether the review occurred while the investigation was still active, or during preparation for trial or at some other time. There is no evidence in the record, however, that Duda actually identified defendant at the time he reviewed the recordings; rather, the record establishes only that he reviewed the tapes at some point before trial to verify that they fairly and accurately reflected what he had heard while listening to the drug transactions as they occurred. Duda thereafter identified defendant's voice in court as one of the voices on the recordings after having separately identified defendant as the person he visually observed during the drug transactions.*

In our view, regardless of when the review took place, Duda's

---

* Defendant's objection to Duda's identification of his voice on the recording of the first transaction was sustained and that identification was stricken from the record. Duda thereafter separately identified defendant— without objection—as the person he had visually observed interacting with the CI during the first and second transactions. Defendant did object to Duda's testimony that he heard on the recording of the second buy "the same voice I had heard from the prior tape from [defendant]," but his objection was overruled. It is only this last identification by Duda that defendant challenges.

actions in listening to the sound recordings of the actual drug transactions for the purpose of ratifying the events as revealed on the tape did not implicate the concern of undue suggestiveness at the heart of CPL 710.30 (*see People v Gee, supra* at 162-163). Under these circumstances, such a second listen of the actual transaction as was undertaken by Duda is simply not a police-arranged identification procedure subject to CPL 710.30 notice (*see Gee* at 162-164; *People v Rufin,* 237 AD2d 866, 867 [1997]; *see generally People v Driscoll,* 251 AD2d 759, 760 [1998], *lvs denied* 92 NY2d 896, 949 [1998]). In any event, given the CI's review of the recordings and her subsequent in-court identification of defendant's voice, as well as the unchallenged identification of defendant by both Campbell and Duda based on their visual observation of him during the transactions, Duda's identification of defendant's voice at trial was merely cumulative. Accordingly, there was no reasonable possibility that the verdict was affected by any error with respect to the People's failure to provide CPL 710.30 notice regarding Duda's review of the recordings and, thus, any such error would be harmless (*see People v Thompson,* 306 AD2d 758, 760 [2003], *lvs denied* 1 NY3d 581 [2003]; *People v Rufin, supra* at 868-869; *see also People v Harris,* 80 NY2d 796, 798 [1992]).

Similarly lacking in merit is defendant's claim that the foundation for admission of the two tape recordings was inadequate. It is well settled that "[a]dmissibility of tape-recorded conversation requires proof of the accuracy or authenticity of the tape by 'clear and convincing evidence' establishing 'that the offered evidence is genuine and that there has been no tampering with it' " (*People v Ely,* 68 NY2d 520, 527 [1986], quoting *People v McGee,* 49 NY2d 48, 59 [1979], *cert denied sub nom. Waters v New York,* 446 US 942 [1980]; *accord People v Rendon,* 273 AD2d 616, 618 [2000], *lv denied* 95 NY2d 968 [2000]). At trial, the CI testified that she had listened to the recording of the first arranged buy and "the whole tape" of the second buy on the day that she took the stand, she identified all of the voices on both tapes at trial, including that of defendant, and she stated that each recording "fairly and accurately capture[d]" the conversations that took place during the buys. Duda and Campbell similarly authenticated the recordings. This testimony by a participant in and two witnesses to the conversation regarding the accuracy and authenticity of the recordings provided a sufficient foundation for admission of the recordings at trial (*see People v Ely, supra* at 527; *People v Bell,* 5 AD3d 858, 861 [2004]; *People v Rendon, supra* at 618-619; *People v Jackson,* 200 AD2d 856, 858 [1994], *lvs denied* 83 NY2d 872 [1994]).

Finally, upon a review of the evidence and according "[g]reat

deference . . . to the fact-finder's opportunity to view the witnesses, hear the testimony and observe demeanor" (*People v Romero*, 7 NY3d 633, 644 [2006], quoting *People v Bleakley*, 69 NY2d 490, 495 [1987]), we are unpersuaded by defendant's assertion that his convictions are against the weight of the evidence.

Spain, Mugglin, Rose and Kane, JJ., concur. Ordered that the judgment is affirmed.