■ The People of the State of New York, Respondent, v Tommy Jackson, Appellant. [896 NYS2d 756]—

Appeal from a judgment of the Onondaga County Court (William D. Walsh, J.), rendered March 28, 2007. The judgment convicted defendant, upon a jury verdict, of burglary in the third degree, grand larceny in the fourth degree and criminal possession of stolen property in the fifth degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of, inter alia, burglary in the third degree (Penal Law § 140.20) arising out of an incident in which he stole property owned by LeMoyne College (college). We reject defendant's contention that the conviction is not supported by legally sufficient evidence (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). The People presented video surveillance and still photographs obtained from that video that depicted a man who was identified as defendant by two security officers employed by the college. Those security officers had encountered defendant on prior occasions. Property that had been stolen from the college was recovered during a search of the home of defendant's parents pursuant to a search warrant, and defendant's mother testified that defendant sometimes stayed in the room where the property was located. Other property stolen from the college was recovered from an individual who testified that he purchased it from defendant. Viewing the evidence in light of the elements of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349 [2007]), we reject defendant's further contention that the verdict is against the weight of the evidence (*see generally Bleakley*, 69 NY2d at 495). The jury was entitled to discredit the testimony of defendant that he was not the individual who committed the crimes. The sentence is not unduly harsh and severe.

We reject the contention of defendant in his pro se supplemental brief that County Court erred in refusing to suppress the identification testimony of the two security officers based upon the failure of the People to serve a CPL 710.30 notice with respect to that testimony. Although the security officers viewed

the video and photographs in question at a police station, the video and photographs were provided to the police by the college. Thus, we conclude that the identification of defendant by the security officers, both of whom had prior contact with him, "did not implicate the concern of undue suggestiveness at the heart of CPL 710.30 . . . [and was] not a police-arranged identification procedure subject to CPL 710.30 notice" (*People v Jackson*, 43 AD3d 488, 490 [2007], *lv denied* 9 NY3d 962 [2007]).

We reject the further contention of defendant in his pro se supplemental brief that the court erred in denying his motion to dismiss the indictment based on the People's failure to provide him with reasonable notice of the grand jury proceedings pursuant to CPL 190.50 (5) (a). "CPL 190.50 (5) (a) does not mandate a specific time period for notice; rather, 'reasonable time' must be accorded to allow a defendant an opportunity to consult with [defense] counsel and decide whether to testify before a [g]rand [j]ury" (*People v Sawyer*, 96 NY2d 815, 816 [2001]). Here, the record establishes that defendant advised the People of his intent to testify before the grand jury three days before the matter was presented, and both defendant and defense counsel were present at the grand jury proceedings (*cf. People v Degnan*, 246 AD2d 819 [1998]). The contention of defendant that he lacked adequate time to consult with defense counsel prior to his grand jury testimony is without merit inasmuch as he was provided with reasonable notice that the matter was to be presented to a grand jury (*see People v Sawyer*, 274 AD2d 603, 605-606 [2000], *affd* 96 NY2d 815 [2001]).

Defendant failed to preserve for our review the contentions in his pro se supplemental brief that he was denied a fair trial based on the court's alleged bias and that the persistent felony offender statute (CPL 400.20) violates the Equal Protection Clauses of the State and Federal Constitutions (*see* CPL 470.05 [2]), and we decline to exercise our power to review those contentions as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). We have reviewed the remaining contentions of defendant in his pro se supplemental brief and conclude that they are without merit. Present—Scudder, P.J., Peradotto, Lindley and Gorski, JJ.