THIRD DEPARTMENT, MAY, 2010

(May 6, 2010)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENNEY R. PEELE, Also Known as KD, Also Known as MIKE, Appellant. [900 NYS2d 776]—

McCarthy, J. Appeal from a judgment of the County Court of Broome County (Smith, J.), rendered September 20, 2007, upon a verdict convicting defendant of the crimes of murder in the second degree and criminal possession of a weapon in the second degree.

After a disputed dice game at a bar, the victim punched defendant's friend and defendant broke up the fight. Several days later, defendant accosted the victim, punched him in the face and then shot him four times. Witnesses saw a person matching defendant's description leaving the area with a gun and later

disposing of a gun. After trial, a jury convicted him of murder in the second degree and criminal possession of a weapon in the second degree. Defendant appeals.

County Court did not abuse its discretion by ruling that the People could cross-examine defendant about three prior felony convictions if he testified. The court struck an appropriate balance by prohibiting use of two prior convictions and permitting use of three convictions (robbery, attempted robbery and grand larceny) which, despite their remoteness in time, were indicative of defendant's willingness to place his own interests ahead of those of others and society (see People v Mitchell, 57 AD3d 1308, 1311 [2008]; People v Donaldson, 46 AD3d 1109, 1110 [2007]; People v Grady, 40 AD3d 1368, 1370 [2007], lv denied 9 NY3d 923 [2007]). As the court carefully balanced the probative value and relevance to defendant's credibility against the potential prejudice to defendant from use of each prior criminal conviction, the Sandoval ruling was proper.

County Court appropriately determined that juror No. 7 could continue serving because he was not grossly unqualified to serve. During trial, the People added a deputy sheriff to their witness list to testify regarding a threat that defendant allegedly made toward another witness. The deputy notified the court that juror No. 7 was a distant relation by marriage, lived on the same street and had engaged in a real estate transaction with him in the past. After questioning the sworn juror, who assured the court that he could fairly and impartially evaluate the deputy's testimony, the court correctly determined not to remove the juror (see CPL 270.35 [1]; People v Buford, 69 NY2d 290, 298-299 [1987]; People v Garraway, 9 AD3d 506, 507 [2004], lvs denied 3 NY3d 674, 740 [2004]).

The evidence was legally sufficient to establish defendant's guilt. While no one actually saw defendant shoot the victim, a witness testified that, through a window, he could see defendant and the victim from mid-torso and higher. This witness saw defendant punch the victim, then heard quick gunshots. Witnesses saw defendant, or someone matching his description, leaving the scene while placing a gun or object in his waistband, and other witnesses later saw a person matching defendant's description disposing of a gun in a vacant lot. That gun was recovered by police and identified as the murder weapon through expert firearms evidence. Still other witnesses testified about statements that defendant made to them implicating himself in the shooting. Medical and firearms evidence proved that the victim was struck with four bullets, resulting in his death. Defendant's intent to kill can be inferred from his state-

ments to other witnesses and his firing of four shots at close range. The evidence was legally sufficient to establish defendant's guilt of both crimes (*see People v Oxley*, 64 AD3d 1078, 1079-1080 [2009], *lv denied* 13 NY3d 941 [2010]; *People v Bass*, 277 AD2d 488, 496-497 [2000], *lv denied* 96 NY2d 780 [2001]). While defendant contends that the People did not disprove the defense of justification, he did not assert that defense at trial or raise sufficient facts to support it (*cf. People v McManus*, 67 NY2d 541, 546-547 [1986]; *People v Steele*, 26 NY2d 526, 528 [1970]). Had he requested a justification charge, it should have been denied because the evidence showed that defendant was the initial aggressor and, even if the victim did display a knife, defendant made no attempt to retreat (*see* Penal Law § 35.15 [1] [b]; [2] [a]; *People v Ham*, 67 AD3d 1038, 1039 [2009]).

Defendant was not deprived of a fair trial by the admission of certain evidence. Police taped a phone conversation between defendant and an informant. Although the informant stated that he could not remember what was said on the tape, which he had listened to previously, he recognized and identified the voices on the tape and testified that the tape contained a true and accurate segment of a conversation between himself and defendant. This testimony provided an adequate foundation for the admission of the tape (*see People v Jackson*, 43 AD3d 488, 490 [2007], *lv denied* 9 NY3d 962 [2007]). The substance of that conversation was admissible because it could be interpreted as an admission by defendant that he had killed the victim. Also admissible was testimony regarding defendant's alleged threat against a witness in the holding cell after the witness testified; this threat was probative because it could be interpreted to reflect defendant's consciousness of guilt (*see People v Ramadhan*, 50 AD3d 339 [2008]; *People v De Vivo*, 282 AD2d 770, 772 [2001], *lv denied* 96 NY2d 900 [2001]).

Defendant now contends that the DNA evidence should not have been admitted because the forensic scientist who did the testing failed to explain inclusion or exclusion of an individual in a mixture profile based on statistics such as a probability of exclusion or likelihood ratio. As defendant did not object to admission of the DNA evidence on that basis, his current argument is unpreserved for appellate review (*see People v Antongiorgi*, 242 AD2d 578 [1997], *lv denied* 91 NY2d 832 [1997]).

County Court did not abuse its discretion in permitting the People to elicit from defendant's paramour that she sold drugs at his request. "The court may permit further inquiry on a subject if the defense 'opens the door' by providing incomplete or misleading information, although such inquiry must be

limited to only such 'otherwise inadmissible evidence [as] is reasonably necessary to correct the misleading impression' " (*People v Greene*, 13 AD3d 991, 993 [2004], *lv denied* 5 NY3d 789 [2005], quoting *People v Massie*, 2 NY3d 179, 184 [2004]; *see People v Mullings*, 23 AD3d 756, 759 [2005], *lv denied* 6 NY3d 756 [2005]). When cross-examining the paramour, defense counsel attacked her credibility through questions about her pending charges for selling narcotics. Counsel questioned whether her arrest truly stemmed from her first narcotics sale, commenting that it was quite a coincidence and implying that she sold drugs on other occasions. The court was therefore within its discretion to permit the People to correct the misleading impression created by defense counsel—that the paramour was a seasoned drug dealer—by raising otherwise inadmissible evidence of defendant's own involvement in selling drugs. The People reasonably clarified the paramour's involvement by eliciting that she delivered the drugs to defendant's associates at defendant's request, then wired the money to him in Brooklyn as he had directed. This testimony explained the paramour's conduct, while also explaining that defendant was liquidating his drug supply in the area of the murder and needed the money in the area where he had relocated, indicating flight as evidence of consciousness of guilt (*cf. People v McDuffie*, 26 AD3d 667, 668-669 [2006], *lv denied* 7 NY3d 759 [2006]). Under the circumstances, the court did not abuse its discretion in permitting the People to complete the narrative by clarifying the paramour's involvement so as to prevent the jury from being misled by defense counsel's cross-examination of her (*see People v Massie*, 2 NY3d at 184; *People v Greene*, 13 AD3d at 993).

Defendant received the effective assistance of counsel. Contrary to defendant's contention that counsel erred in not requesting a justification charge, such a charge, as noted above, was not warranted by the facts (*see* Penal Law § 35.15 [1] [b]; [2] [a]; *People v Ham*, 67 AD3d at 1039). While defendant could possibly have testified that the victim pulled a knife on him, we find no error in counsel's choice not to pursue that risky course to potentially establish a justification defense (*see People v Njasang Nji*, 66 AD3d 538, 539 [2009], *lv denied* 13 NY3d 940 [2010]). Similarly, we will not second-guess counsel's choice to attack the DNA evidence through cross-examination based on lack of statistical proof concerning exclusion, rather than attempting to prevent its admission into evidence (*cf. People v Vega*, 225 AD2d 890, 893 [1996], *lv denied* 88 NY2d 943 [1996]). Counsel may have strategically preferred to allow admission of the DNA evidence because defendant's DNA profile was not positively matched to anything, and he was excluded as a

contributor to numerous items. Failure to object to the continued service of juror No. 7 was also not error because such an objection, as explained above, would not have been successful. While defendant now contends that counsel was deficient by not moving to suppress evidence found in his sister's home, the record does not indicate any basis to undermine the search warrant that authorized the search and seizure of evidence. Viewing the law, evidence and circumstances in totality, counsel provided defendant with meaningful representation (*see People v Lowin,* 36 AD3d 1153, 1156 [2007], *lv denied* 9 NY3d 847 [2007]).

Cardona, P.J., Spain, Malone Jr. and Egan Jr., JJ., concur. Ordered that the judgment is affirmed.