■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CAEZARE EBRON, Also Known as NOONY, Appellant. [938 NYS2d 352]—

Kavanagh, J.

In November 2008, the City of Albany Police Department used a confidential informant (hereinafter CI) to purchase crack-cocaine from an individual later identified as defendant. Nine months later, defendant was arrested and charged by indictment with criminal sale of a controlled substance in the third degree. A jury trial was subsequently conducted, after which defendant was convicted of said crime and sentenced to seven years in prison plus three years of postrelease supervision. Defendant now appeals.

Defendant claims that his conviction was not supported by legally sufficient evidence and was against the weight of the credible evidence introduced at trial because it was never proven that he was the individual who sold cocaine to the CI. We disagree. When the sale was made, the CI was working as part of a police operation in which he was directed to purchase cocaine at a specific address in Albany. The police arranged for surveillance of the area and observed the CI, who was wearing a recording device, when he approached the address to purchase cocaine. After the CI made a purchase, he returned to where the police officers were located and gave them a piece of loose cocaine. At trial, the CI and two detectives identified defendant as the individual who made the sale, and two other detectives, one of whom had known defendant since he was a child, made a confirmatory identification of defendant. This evidence, coupled with recordings made of the transaction, established not only a legally sufficient basis for the jury's verdict, but also that the conviction was supported by the weight of the credible evidence introduced at trial (*see People v Bleakley*, 69 NY2d 490, 495 [1987]; *People v Stevens*, 87 AD3d 754, 755 [2011]; *People v Lawal*, 73 AD3d 1287, 1289 [2010]; *People v Rolle*, 72 AD3d 1393, 1396 [2010], *lv denied* 16 NY3d 745 [2011]).

Defendant contends that County Court erred when it permitted the People to use a peremptory challenge to remove the sole African American from the jury (*see Batson v Kentucky*, 476 US 79, 82-100 [1986]). When directed by County Court to provide a race-neutral explanation for the challenge (*see People v Smocum*, 99 NY2d 418, 422 [2003]; *People v Lee*, 80 AD3d 877, 879 [2011], *lv denied* 16 NY3d 833 [2011]), the People stated that they challenged the juror because he had attended high school with a police officer who had participated in the arrest of defendant and who would testify at trial. The juror also stated that, before making an assessment of a police officer's credibility, he would want to know his or her reputation among other police officers for being honest and truthful. County Court found that explanation to be credible and determined that the People's use of the peremptory challenge was not racially motivated. On this record, we perceive no reason not to defer to County Court's assessment of the credibility of the People's explanation (*see People v Lee*, 80 AD3d at 879-880; *People v Murphy*, 79 AD3d 1451, 1452 [2010], *lv denied* 16 NY3d 862 [2011]; *People v Knowles*, 79 AD3d 16, 20-21 [2010], *lv denied* 16 NY3d 896 [2011]) or its conclusion that the challenge to this juror was not racially motivated (*see People v Knowles*, 79 AD3d at 20-21).

Defendant also argues that County Court erred by admitting

into evidence recordings that had not been properly authenticated. Initially, defendant challenged the admissibility of a recording made of the conversation between the CI and the seller at the time the transaction took place. Defendant contends that the compact disc played at trial was a copy of the original recording and should not have been admitted into evidence without testimony from the witness who actually copied the original recording onto the compact disc. "It is well settled that [a]dmissibility of tape-recorded conversation requires proof of the accuracy or authenticity of the tape by clear and convincing evidence establishing that the offered evidence is genuine and that there has been no tampering with it" (*People v Jackson*, 43 AD3d 488, 490 [2007], *lv denied* 9 NY3d 962 [2007] [internal quotation marks and citations omitted]; *see People v Bell*, 5 AD3d 858, 861 [2004]). Here, the CI, as well as a detective who monitored the conversation, testified that the compact disc accurately reflected the conversation as recorded on the device that the CI was wearing when he made this purchase. Such testimony served to authenticate the compact disc, established its accuracy and provided a legal foundation for its admission into evidence at trial (*see People v Ely*, 68 NY2d 520, 522 [1986]; *People v Peele*, 73 AD3d 1219, 1221 [2010], *lv denied* 15 NY3d 894 [2010]; *People v Jackson*, 43 AD3d at 490). Defendant also objected to a recording of radio communications among police officers at the time that they were surveilling the transaction. Again, an officer involved in the surveillance and a participant in these conversations identified the voices on the recording, verified that it was accurate and explained that the "dead air" on the recording occurred when no communications among police officers were taking place. Again, for reasons previously noted, a proper foundation was laid and this recording was properly received into evidence at trial.

Defendant claims that a police officer who identified his voice on the recording at trial should not have been permitted to give such testimony without a hearing being held to determine if his identification of defendant's voice was the result of an impermissibly suggestive procedure employed by the police (*see United States v Wade*, 388 US 218, 229 [1967]; *People v Rodriguez*, 79 NY2d 445, 450 [1992]). Since this officer testified to being a longtime acquaintance of defendant, his identification of defendant's voice had an independent basis, and a hearing inquiring into how it was obtained was not required (*see generally* CPL 710.30 [1] [b]; *see People v Jackson*, 43 AD3d at 489-490; *see also People v Buchanon*, 186 AD2d 864, 866 [1992], *lv denied* 81 NY2d 785 [1993]).

Defense counsel's failure to move to dismiss the indictment

because of the time that transpired between the sale and the date the indictment was filed did not constitute ineffective assistance of counsel. Defendant was not incarcerated on these charges until after the indictment was returned and he was arrested. Moreover, he has failed to demonstrate how he was prejudiced by the time it took to secure this indictment after the sale took place or that the delay was part of a deliberate effort to compromise his ability to mount a proper defense at trial (*see People v Taranovich*, 37 NY2d 442, 445-447 [1975]; *People v Weatherspoon*, 86 AD3d 792, 792-793 [2011], *lv denied* 17 NY3d 905 [2001]; *People v Ruise*, 86 AD3d 722, 722-723 [2011], *lv denied* 17 NY3d 861 [2011]; *People v Striplin*, 48 AD3d 878, 879-880 [2008], *lv denied* 10 NY3d 871 [2008]; *People v Garcia*, 46 AD3d 1120, 1120-1121 [2007], *lv denied* 10 NY3d 863 [2008]). Finally, considering defendant's criminal history, the sentence imposed—far less than the maximum (*see* Penal Law § 70.45 [2] [e]; § 70.70 [3] [b] [i])—was not harsh or excessive, and we do not find any extraordinary circumstances or an abuse of discretion warranting a modification of the sentence imposed (*see People v Danford*, 88 AD3d 1064, 1068 [2011]; *People v Bailey*, 80 AD3d 999, 1002 [2011]).

Mercure, A.P.J., Peters, Spain and Rose, JJ., concur. Ordered that the judgment is affirmed.