■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MANUEL MAURICIO RAMIREZ, Appellant. [934 NYS2d 728]—

Mercure, A.P.J.

Defendant, an illegal immigrant from Guatemala, waived indictment and pleaded guilty to a superior court information charging him with one count of aggravated sexual abuse in the first degree. No promises as to sentencing were made under the terms of the plea agreement, and County Court sentenced defendant to a prison term of 23 years to be followed by 20 years of postrelease supervision. He now appeals and we affirm.

Defendant's contention that his plea was not knowing, voluntary and intelligent is unpreserved for our review due to his failure to move to withdraw the plea or vacate the judgment of conviction (*see People v Vasquez*, 61 AD3d 1109, 1111 [2009]; *People v Espinoza-Aguilar*, 24 AD3d 892, 892-893 [2005], *lv denied* 6 NY3d 812 [2006]). Moreover, inasmuch as his plea colloquy does not cast doubt upon his guilt or call the voluntariness of the plea into question, this case does not fall within the narrow exception to the preservation rule (*see People v McNair*,

13 NY3d 821, 822 [2009]). The record establishes, contrary to defendant's contention, that he was properly advised of the immigration consequences attendant to his plea and, therefore, he received the effective assistance of counsel (*see Padilla v Kentucky*, 559 US —, —, 130 S Ct 1473, 1482-1483 [2010]; *Zhang v U.S.*, 506 F3d 162, 169 [2d Cir 2007]; *People v Doumbia*, 45 AD3d 436, 437 [2007], *lv denied* 10 NY3d 764 [2008]).

Defendant also challenges the accuracy of the information contained in the presentence investigation report, but he declined County Court's invitation to supplement that report at sentencing and, thus, cannot now be heard to complain of its alleged inadequacies (*see People v Harrington*, 3 AD3d 737, 739 [2004]; *People v Smallwood*, 212 AD2d 449 [1995], *lv denied* 86 NY2d 741 [1995]). Finally, we reject defendant's claim that the sentence imposed was harsh or excessive.

Peters, Spain, Rose and Kavanagh, JJ., concur. Ordered that the judgment is affirmed.