■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MATTHEW C. GALUNAS, Appellant. [966 NYS2d 280]—

McCarthy, J. Appeal from a judgment of the County Court of Ulster County (Williams, J.), rendered July 7, 2010, upon a verdict convicting defendant of the crime of criminal sale of a controlled substance in the third degree (two counts).

Following a jury trial, defendant was found guilty of two counts of criminal sale of a controlled substance in the third degree in connection with two sales of prescription drugs to a confidential informant and an undercover member of a drug task force unit conducting the drug-buy operation. County Court sentenced defendant to two consecutive prison terms of six years, followed by two years of postrelease supervision. Defendant appeals.

Initially, the People established a proper foundation for the admission of tape-recorded conversations between the confidential informant and defendant. "Admissibility of tape-recorded conversation requires proof of the accuracy or authenticity of the tape by 'clear and convincing evidence' establishing 'that the offered evidence is genuine and that there has been no tampering with it' " (*People v Ely*, 68 NY2d 520, 527 [1986], quoting *People v McGee*, 49 NY2d 48, 59 [1979], *cert denied sub nom. Waters v New York*, 446 US 942 [1980]; *see People v Ebron*, 90 AD3d 1243, 1245 [2011], *lv denied* 19 NY3d 863 [2012]; *People v Tillman*, 57 AD3d 1021, 1024 [2008]). "Among other methods, admissibility may be demonstrated by the testimony of a witness to the conversation or to its recording, or by evidence identifying the speakers and establishing the chain of custody of the recording and its unchanged condition" (*People v Rendon*, 273 AD2d 616, 618 [2000], *lv denied* 95 NY2d 968 [2000]; *see People v Ely*, 68 NY2d at 527-528).

Here, the foundation for the admission of the tape-recorded conversations was made through the testimony of various detectives overseeing the undercover operation who described the events surrounding the creation of the recordings, identified the voices of the informant and defendant, and set forth a chain of custody of the recordings. The testimony established that the detective operating the recording device immediately reviewed the recordings at the conclusion of the conversations and thereafter secured the recordings in police custody. Just prior to trial, the detective reviewed the tapes again and attested that they

were "fair and accurate representations" of the recordings previously made by him. In addition, a second detective testified to knowing defendant for 35 years and identified one voice on the recordings as that of defendant. Hence, the People offered sufficient proof of the accuracy and authenticity of the recordings to establish a legal foundation for their admission into evidence. Any challenge by defendant relating to the reliability of the identification of his voice or inaudibility of the recording goes to the weight of the evidence, not the admissibility (*see People v McGee*, 49 NY2d at 60).

Next, we find unavailing defendant's contention that the presentence report was inadequate because it did not include an updated interview with defendant. "[T]here is no statutory requirement that a statement by the defendant be included in the presentence report" (*People v Davila*, 238 AD2d 625, 626 [1997]; *see* CPL 390.30; *People v Perea*, 27 AD3d 960, 961 [2006]), but the presentence investigation report here in fact contains a statement by defendant regarding the instant offenses. Moreover, defendant declined the opportunity to address County Court at sentencing regarding any inadequacies contained in the report (*see People v Ramirez*, 90 AD3d 1335, 1336 [2011], *lv denied* 18 NY3d 961 [2012]).

Finally, defendant's sentence was not harsh or excessive. Considering defendant's extensive criminal history and the quantity of drugs involved in the instant matter, we discern no abuse of discretion by County Court or any extraordinary circumstances warranting a reduction of the sentence in the interest of justice (*see People v Carter*, 97 AD3d 852, 852 [2012], *lv denied* 19 NY3d 1024 [2012]).

Rose, J.P., Spain and Egan Jr., JJ., concur. Ordered that the judgment is affirmed.