*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:    October 16, 2014                105207
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                        Respondent,

        v                                       MEMORANDUM AND ORDER

ERIC A. JACKSON,
                        Appellant.
_____

Calendar Date:    September 9, 2014

Before:   Lahtinen, J.P., Rose, Egan Jr., Lynch and Clark, JJ.

_____

        Rebecca L. Fox, Plattsburgh, for appellant.

        Andrew J. Wylie, District Attorney, Plattsburgh (Jaime A.
Douthat of counsel), for respondent.

_____

Egan Jr., J.

        Appeal from a judgment of the County Court of Clinton
County (McGill, J.), rendered June 18, 2012, upon a verdict
convicting defendant of the crimes of criminal sale of a
controlled substance in the third degree (two counts), criminal
possession of a controlled substance in the third degree (two
counts), attempted criminal sale of a controlled substance in the
second degree and attempted criminal possession of a controlled
substance in the third degree.

        Defendant was charged in a six-count indictment with
criminal sale of a controlled substance in the third degree (two
counts), criminal possession of a controlled substance in the
third degree (two counts), attempted criminal sale of a
controlled substance in the second degree and attempted criminal

possession of a controlled substance in the third degree. The charges stemmed from three controlled buys initiated by an undercover State Police investigator on three separate occasions in November 2011, all of which occurred in the parking lot of the Walmart located on State Route 3 in the City of Plattsburgh, Clinton County. During the first transaction on November 2, 2011, defendant sold the investigator approximately 1.7 grams of a substance that subsequently tested positive for crack cocaine. Thereafter, on November 11, 2011, defendant sold the investigator approximately 6.8 grams of a substance that again tested positive for crack cocaine. Finally, on November 17, 2011, defendant sold the investigator approximately 28.1 grams of a substance that tested negative for crack cocaine. Following a jury trial, defendant was convicted as charged and thereafter was sentenced — as a second felony offender — to an aggregate prison term of 23 years followed by a lengthy period of postrelease supervision. Defendant now appeals.

Initially, we reject defendant's assertion that County Court abused its discretion in denying assigned counsel's request for an adjournment. "The decision of whether to grant an adjournment is generally committed to the sound discretion of the trial court and will not be disturbed absent an abuse of that discretion" (People v Ruffin, 56 AD3d 892, 893 [2008] [citations omitted]; see People v Pena, 113 AD3d 701, 702 [2014], lv denied 22 NY3d 1201 [2014]). Here, approximately 10 days prior to the scheduled trial date, defendant was assigned new counsel — the third attorney to represent him in this matter.[1] Although trial counsel indicated during her first appearance that she was "hoping" for a one- or two-month adjournment, she assured County Court that she "[could] be ready for trial as previously scheduled by [the] [c]ourt," and nothing in the record suggests that her representation of defendant was in any way impeded by County Court's denial of the requested adjournment (cf. People v

_____

[1] Defendant successfully sought removal of his first assigned attorney, and counsel's appointed successor had an apparent conflict with one of the People's scheduled witnesses, prompting County Court to assign a third attorney to represent defendant.

Lasso, 115 AD3d 563, 563-564 [2014], lv denied 23 NY3d 1039 [2014]). Accordingly, we perceive no abuse of County Court's discretion in this regard.

Nor do we discern any error in County Court's decision to admit into evidence the three audio recordings of the controlled buys. "It is well settled that [a]dmissibility of [a] tape-recorded conversation requires proof of the accuracy or authenticity of the tape by clear and convincing evidence establishing that the offered evidence is genuine and that there has been no tampering with it" (People v Ebron, 90 AD3d 1243, 1245 [2011], lvs denied 19 NY3d 863, 866 [2012] [internal quotation marks and citations omitted]; see People v Galunas, 107 AD3d 1034, 1034 [2013]). Such admissibility may be established by, among other things, "the testimony of a witness to the conversation or to its recording, or by evidence identifying the speakers and establishing the chain of custody of the recording and its unchanged condition" (People v Galunas, 107 AD3d at 1034 [internal quotation marks and citation omitted]). Here, the undercover investigator, who met defendant two months prior to the subject transactions and who wore the digital recorder and transmitter during the three face-to-face controlled buys with defendant, testified that he created two of the three audio recordings introduced into evidence at trial, indicated that he had reviewed all three recordings for accuracy, identified defendant's voice on each of those recordings and established the underlying chain of custody. Such testimony, in our view, established a proper foundation for the admission of the audio recordings into evidence (see id. at 1034-1035). As for defendant's related claim that the People improperly bolstered the undercover investigator's identification of defendant as the seller, even assuming that defendant's objections to the challenged testimony were preserved for our review[2] and had merit, we would find any error in this regard to be harmless (see People v Malak, 117 AD3d 1170, 1175 [2014]).

_____

    [2] Defendant failed to object to the testimony offered by two of the four witnesses at issue.

Turning to the evidence underlying defendant's convictions, although defendant's generalized motion to dismiss was insufficient to preserve his challenge to the legal sufficiency of the evidence, "this Court's weight of the evidence review necessarily involves an evaluation of whether all elements of the charged crime[s] were proven beyond a reasonable doubt at trial" (People v Forbes, 111 AD3d 1154, 1156 n 4 [2013] [internal quotation marks and citations omitted]).  In this regard, defendant primarily contends that the convictions as to counts 5 (attempted criminal sale of a controlled substance in the second degree) and 6 (attempted criminal possession of a controlled substance in the third degree) cannot stand because the substance that defendant possessed and sold on November 17, 2011 was not in fact a controlled substance.

While a defendant may not be convicted of criminal possession of a controlled substance or criminal sale of a controlled substance where scientific testing reveals that the substance in question is not a controlled substance within the meaning of Penal Law § 220.00 (5), he or she nonetheless may be prosecuted and convicted of a crime under one of two alternate theories, depending upon his or her state of mind.  Where a defendant sells, or possesses with intent to sell, what is not a controlled substance in the mistaken belief that it is, he or she may be convicted of attempted criminal possession of a controlled substance or attempted criminal sale of a controlled substance (see e.g. Penal Law §§ 110.00, 220.16 [1]; 220.41 [1]).  In such a case, the People bear the burden of proving that the defendant "mistakenly believed the substance he or she sold was a controlled substance, when in fact it was not" (People v Alameen, 264 AD2d 937, 938 [1999], lv denied 94 NY2d 819 [1999] [citation omitted]; see People v Sessions, 181 AD2d 842, 843 [1992], lv denied 80 NY2d 837 [1992]; cf. People v Culligan, 79 AD2d 875, 876 [1980]).  Alternatively, where a defendant possesses or sells what is not a controlled substance, knowing that to be the case but representing to the purchaser that it is a controlled substance, he or she may be convicted of violating Public Health Law § 3383 (2), which makes it "unlawful for any person to manufacture, sell or possess with the intent to sell, an imitation controlled substance."  When the People proceed under this theory, they bear the burden of proving "that the imitation

controlled substance was represented [by the defendant] to be a controlled substance" (Public Health Law § 3383 [6]).

In the matter before us, the People chose to indict and charge defendant with, among other things, attempted criminal sale of a controlled substance in the second degree (count 5) and attempted criminal possession of a controlled substance in the third degree (count 6). As there is no question that the substance that defendant possessed and sold to the undercover investigator on November 17, 2011 was not a controlled substance, the People were required to prove that defendant mistakenly believed that this substance was in fact crack cocaine. Here, the People's proof as to defendant's intent and/or mistaken belief consisted solely of the testimony offered by the undercover investigator, who indicated that he arranged to purchase one ounce of crack cocaine from defendant for $1,500 and that defendant thereafter arrived at the appointed time and place and handed him a "white chunky substance . . . wrapped in plastic, similar to the first two [sales]." Such testimony, in our view, falls short of demonstrating that defendant mistakenly believed that the substance he possessed and sold on the day in question was crack cocaine. As the record is otherwise bereft of any evidence relative to either defendant's intent at the time of the subject transaction or his mistaken belief that the substance that he possessed and sold to the undercover investigator was crack cocaine, defendant's convictions under counts 5 and 6 of the indictment cannot stand.

Defendant's remaining contentions do not warrant extended discussion. Defendant failed to object to County Court's charge to the jury; accordingly, his present claim – that County Court improperly instructed the jury as to counts 4, 5 and 6 – is unpreserved for our review, and we discern no basis upon which to take corrective action in the interest of justice (see People v Ramirez, 118 AD3d 1108, 1111 [2014]; People v Fauntleroy, 108 AD3d 885, 887 [2013], lv denied 21 NY3d 1073 [2013]). As for defendant's assertion that he was denied the effective assistance of counsel, suffice it to say that counsel made cogent opening and closing statements, raised appropriate objections throughout the course of the trial, challenged the admissibility of the audio recordings of the subject drug transactions and effectively

cross-examined the People's witnesses.  Under these circumstances, we are satisfied that defendant was afforded meaningful representation (see People v Green, 119 AD3d 23, 31 [2014], lv denied 23 NY3d 1062 [2014]; People v Fauntleroy, 108 AD3d at 887).  Finally, in light of defendant's criminal history, we do not find the sentence imposed upon the remaining counts of the indictment to be harsh or excessive.

Lahtinen, J.P., Rose, Lynch and Clark, JJ., concur.


ORDERED that the judgment is modified, on the facts, by reversing defendant's convictions of attempted criminal sale of a controlled substance in the second degree and attempted criminal possession of a controlled substance in the third degree under counts 5 and 6 of the indictment; said counts dismissed and the sentences imposed thereon vacated; and, as so modified, affirmed.


ENTER:

Robert D. Mayberger
Clerk of the Court